**Edward J. CACACE, et al.**

v.

**Joseph B. LUCAS.**

**Civ. No. N–87–430 (EEB).**

United States District Court, D. Connecticut.

March 19, 1990.

Joanne Faulkner, New Haven, Conn., for plaintiffs.

John J. Buckley, New Haven, Conn., for defendant.

## RULING ON MOTION FOR SUMMARY JUDGMENT

ELLEN B. BURNS, Chief Judge.

On March 6, 1989, this court denied the plaintiffs' motion for summary judgment on the issue of whether the defendant had violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1601 *et seq.* ("FDCPA"). The court held that the plaintiffs had not established that the defendant was a "debt collector" under the FDCPA. However, the motion was denied without prejudice to the plaintiffs to file a renewed motion on a fuller record. Pursuant to that ruling, the plaintiffs filed the instant motion. For the reasons set forth below, the plaintiffs' motion for summary judgment is granted as to both liability and ·damages.

## DISCUSSION

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). There is a genuine dispute over a material fact if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

The instant action arose out of two collection letters which the defendant sent the plaintiffs on behalf of the New Haven Firefighters Credit Union. The plaintiffs claim that the defendant, a debt collector within the meaning of the FDCPA, has violated the FDCPA because those letters fail to comply with its requirements. Thus the court must determine: (1) whether the defendant is a "debt collector" within the meaning of the FDCPA; (2) whether the defendant has violated the FDCPA; and (3) whether the plaintiffs are entitled to damages.

## (A) *Application of the FDCPA to the Defendant*

The prohibitions of the FDCPA apply only to "debt collectors" as defined by the FDCPA. *See generally* 15 U.S.C. § 1692c through § 1692j. A "debt collector" is defined as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another ...

*Id.* § 1692a(6). An attorney who regularly collects debts is a debt collector within the meaning of the "FDCPA". *See Crossley v. Lieberman*, 868 F.2d 566, 569–70 (3rd Cir. 1989); *Edward J. Cacace, et al. v. Joseph B. Lukas*, Civil No. N–87–430 (EEB) (D.Conn. March 6, 1989); *Raymond Woolfolk v. Albert G. Rubin*, Civil No. N–88–266 (EEB) (D.Conn. Nov. 9, 1989); *In re Littles*, 90 B.R. 669 (Bankr.E.D.Pa.1988).

Although undefined under the FDCPA, the term "regular" means "steady or uniform in course, practice, or occurrence; not subject to unexplained or irrational variation." *Black's Law Dictionary* 1155 (5th ed. 1979).

■ In order to determine whether an attorney is a person who "regularly" collects debt, the court will take into account the following factors: the volume of the attorney's collection activities; the frequency of the use of the collection letter in question; and whether or not there is found to be an ongoing relationship between the attorney and the collection agency he represented. *Crossley*, 868 F.2d at

570. In the instant action, the volume of the defendant's collection activities is substantial; in 1986–1987 alone the defendant filed 144 small claims suits in collection matters, and ten additional collection actions. Answers to Second Set of Interrogatories filed Sept. 13, 1989. In fourteen months the collection letter in question had been used 125 to 150 times. Answer to Plaintiffs' Revised Set of Interrogatories filed Aug. 11, 1989. The defendant had had an ongoing professional relationship with New Haven Firefighters Credit Union and more than sixty per cent of the defendant's work for this client involved collection matters. Answers to Second Set of Interrogatories filed Sept. 13, 1989. The defendant, an attorney licensed to practice in Connecticut, admits that debt collection is incidental to his primary law practice. Defendant's Affidavit dated Dec. 11, 1987. Debt collection does not form a principal part of the defendant's practice. However, in light of the regularity of the defendant's involvement in debt collection work and the quantum of debt collection work the defendant engaged in at the time in question, the court finds the defendant to be a person who regularly collects debts owed or due another within the meaning of the FDCPA.

Moreover, the defendant has represented four collection agencies for periods ranging from three to fifteen years where more than sixty per cent of his work for these agencies involved collection of debts. Answer to Second Set of Interrogatories filed Sept. 13, 1989.

**(B)** *The Application of the FCDPA to the Defendant's Conduct*

The plaintiffs allege that the defendant has violated the FDCPA in various respects: (1) the defendant failed to include the notice as required; (2) the defendant overstated the amount of the debt; (3) the defendant misrepresented the effects of starting litigation; and (4) the defendant misrepresented when he would begin litigation.

■ As the FDCPA is a strict liability statute, proof of one violation is sufficient to support summary judgment for the plaintiff. *Ayala v. Dial Adjustment Bureau, Inc.,* Civil No. N–86–315 (EEB) (D.Conn. Dec. 4, 1986); *Riveria v. MAB Collections, Inc.,* 682 F.Supp. 174, 175–76 (W.D.N.Y.1988). The plaintiffs, nevertheless, have proved more than one violation of the FDCPA.

**(1) Lack of Notice**

■ It is undisputed that the letters sent to the plaintiffs, dated February 19, 1987, did not disclose that they were attempts to collect a debt and that all information obtained as a result thereof would be used for that purpose. *See* Plaintiffs' Statement of Material Facts, Exhibits A and B. Such disclosure is required by § 1692e(11) of the FCDPA. The Court of Appeals for the Second Circuit has recently confirmed that the notice requirement is mandatory. *Pipiles v. Credit Bureau of Lockport,* 886 F.2d 22, 26 (2d Cir.1989); *see also Emanuel v. American Credit Exchange,* 870 F.2d 805, 808 (2d Cir.1989). The failure to include such a notice is a basis for the granting of summary judgment in the instant case. *See Raymond Woolfolk v. Albert G. Rubin,* Civil No. N–88–266 (EEB) (D.Conn. Nov. 11, 1989); *Ayala v. Dial Adjustment Bureau, Inc.,* Civil No. N–86–315 (EEB) (D.Conn. Dec. 4, 1986).

**(2) False Representation as to the Amount Owed**

It is also undisputed that the defendant's letters to each of the plaintiffs overstated the amount owed by the plaintiffs. Instead of stating the actual alleged debt of $4,267.42, the letters claimed the sum of $10,687.18. The FDCPA specifically prohibits "The false representation of—(A) the character, *amount* or legal status of any debt." 15 U.S.C. § 1692e(2) (Emphasis added). The defendant admits that the figure "was a mistake". Defendant's Answers to Interrogatories dated Dec. 15, 1987. The FDCPA, however, only precludes liability for an unintentional violation if the defendant has shown by "a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the main-

tenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). *See, e.g., Butler v. International Collection Services, Inc.,* N–88–302 (PCD), 15 Conn.L.Trib. 27, at p. 25. No attempt at such showing has been made here.

### (3) False Representation as to the Effects of Starting Litigation

■ The FDCPA prohibits "The representation or implication that nonpayment of any debt will result in ... the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action." 15 U.S.C. § 1692e(4). In his letters, the defendant advises the plaintiffs: "If litigation is started it can cause:—Attachment of your real estate or checkbook—Payment of the court costs—Payment of the above creditors—Reasonable attorneys fees, if permitted by contract or statute." The court finds those statements to be misleading because, as the plaintiffs argue, the *start* of the litigation by itself cannot cause any of the effects stated in those letters. As the plaintiffs correctly point out, a plaintiff in a civil case can apply for a real estate attachment in connection with the start of litigation, but the attachment is not *caused by* the commencement of litigation. Similarly, the *start* of litigation itself cannot cause the attachment of a paycheck; that can happen only after judgment, after non-payment of a weekly order and subject to certain exemptions. *Rosa v. Gaynor,* Civil No. N–88–269 (JAC) (D.Conn. Nov. 21, 1989). The court finds these statements violate 15 U.S.C. § 1692e(4).

### 4. Misrepresentation of Intentions as to When to Begin Litigation

■ The letter in question states: "If payment of the above claim is not received

within 30 days of the date you receive this letter, this office will *begin* litigation to collect the claim." (Emphasis added). As the plaintiffs contend, the letter is misleading because the actual return date on the summons issued required that the suit be commenced before the thirty-day period referred to in the letter expired.[1] 15 U.S.C. § 1692e.

By failing to provide the mandatory notice, by grossly overstating the amount owed, and by misrepresenting the consequences of the "start" of litigation and the intention when to sue, the defendant has displayed scant regard for the protection afforded by the FDCPA. The defendant has acted in express contradiction to the intent of the FDCPA to address "... the abundant evidence of the use of abusive, deceptive, and unfair debt collection practices...." 15 U.S.C. § 1692(a).

### (C) *Award of Statutory Damages*

■ Regarding damages, the civil liability section of the FDCPA provides, in pertinent part:

(a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

(1) any actual damage sustained by such person as a result of such failure;

(2)(A) in the case of any action by an individual, such *additional damages* as the court may allow, but not exceeding $1,000;

\*   \*   \*   \*   \*   \*

(3) ... the cost of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. § 1692k(a). The award of statutory damages does not require the proof of actual damages. *Raymond Woolfolk v.*

---

1. The summons prepared, dated Feb. 19, 1987, has the return date of March 31, 1987. To be valid, a summons would have to be served at least twelve days before March 31. Conn.Gen. Stat. § 52–46. Assume, as the attorney for plaintiffs does, the plaintiffs received the first letter on February 20. The defendant's letter represented that he would begin litigation after March 22. This is misleading because the return date on the summons would have required the defendant to start litigation no later than March 18. *See,* Plaintiffs' Memorandum in Support for Summary Judgment, at 21–22.

*Albert G. Rubin,* Civil No. N–88–266 (EBB) (D.Conn. February, 1990); *Baker v. G.C. Services Corp.,* 677 F.2d 775, 780–81 (9th Cir.1982); *Traverso v. Sharinn,* Civil No. N–88–446 (WWE) (D.Conn. December 5, 1989); *Riveria v. MAB Collection, Inc.,* 682 F.Supp. 174, 177 (W.D.N.Y.1988). In determining the amount of the award, however, the court will consider factors such as "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C.A. § 1692k(b) (West 1982); *see, Thomas v. National Business Assistants, Inc.,* Civil No. N–82–469 (EEB) (D.Conn. Oct. 2, 1984). The court is also empowered to consider other factors that are deemed relevant. *See Crossley,* 868 F.2d at 572.

In the instant action, the court awards the maximum $1,000 statutory damages since the defendant, an attorney, violated the FDCPA in several respects. The defendant's disregard for the protection provided by FDCPA is further illustrated by the fact that the defendant continued to send the letter of demand without deleting the threatened effects after the impropriety of such conduct was brought to his attention by the plaintiffs' memorandum in this suit. *See* Plaintiffs' Statement of Material Fact, Exhibit E.

## CONCLUSION

For the foregoing reasons, the plaintiffs' motion for summary judgment on the issue of liability is granted. The plaintiffs are each awarded $1,000 in statutory damages, together with costs and a reasonable attorney's fee to be determined after submission of the plaintiffs' counsel's affidavit in support thereof. Such submission shall be made within two weeks of the filing of this ruling.

SO ORDERED.