**Blagoja STOJANOVSKI and Olga Stojanovski, Plaintiffs,**

v.

**STROBL AND MANOOGIAN, P.C., a professional corporation, Defendant.**

No. 91–75265.

United States District Court, E.D. Michigan, S.D.

Jan. 31, 1992.

UAW–Ford Legal Services Plan by Terrence R. Haugabook, Sterling Heights, Mich., for plaintiffs.

Strobl & Manoogian, P.C. by Michael F. Shields, Bloomfield Hills, Mich., for defendant.

OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFFS' MOTION FOR SANCTIONS

GADOLA, District Judge.

Plaintiffs Blagoja and Olga Stojanovski filed their complaint October 9, 1991. Plaintiffs amended their complaint October 11, 1991. Defendant Strobl and Manoogi-

an, P.C. filed a motion for summary judgment December 2, 1991. Plaintiffs filed "objections" to defendant's motion along with a motion for Fed.R.Civ.P. 11 sanctions December 19, 1991. Separately, plaintiffs filed a counter motion for summary judgment December 19, 1991, and an amended counter motion for summary judgment December 20, 1991. Defendant has not filed responses to plaintiffs' motions or a reply to plaintiffs' "objections."

## FACTS

Defendant is a law firm. It is primarily a business-oriented firm specializing in banking, securities, tax, corporate and real estate law. Defendant also represents Chrysler Credit Corporation ["Chrysler"] in litigation for delinquent accounts. According to defendant, only 4% of its business is occupied with bill collection services.[1]

On or about February 28, 1991, defendant forwarded to plaintiffs a letter encouraging them to bring their delinquent Chrysler account current and thereby avoid any unnecessary litigation.[2] Plaintiffs claim that the letter is abusive and does not comport with the Fair Debt Collections Practices Act ["Act"], 15 U.S.C. §§ 1692–92o. The parties have filed cross-motions for summary judgment.

## STANDARD OF REVIEW

■ Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." (Citation

omitted.) *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984) (quoting Black's Law Dictionary 881 (6th ed. 1979)). The Court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.*, 749 F.2d 1205, 1210–11 (6th Cir.1984).

■ The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen–Bradley Co.*, 801 F.2d 859, 861 (6th Cir.1986). The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact: rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg*, 801 F.2d at 861.

■ To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986),

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted); *See Catrett*, 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

---

**1.** *See* Affidavit of Diane M. Smith at para. 3 (dated Nov. 6, 1991).

**2.** *See* Plaintiff's Ex. B (letter dated Feb. 28, 1991).

475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed. R.Civ.P. 50(a). *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact; the nonmovant must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact.

### ANALYSIS

The purpose of the Act was "to eliminate abusive debt collection practices by debt collectors ..." 15 U.S.C. § 1692(e). A "debt collector" is defined by the Act as

... any person who ... regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another....

*Id.* at § 1692a(6). At one time the Act excluded from the definition of "debt collector" attorneys who provided debt collection services for their clients. *See* 15 U.S.C. § 1692a(6)(F) (1981). However, this provision has been amended to take out the attorney exclusion. Pub.L. No. 99–361, 100 Stat. 768 (effective July 9, 1986).

Defendant nevertheless asserts that 15 U.S.C. § 1692a(6)(F) excludes attorneys. This is a complete misstatement of the law.[3] At oral hearing conducted January 30, 1992, defendant withdrew this part of its motion for summary judgment, and now concedes that the Act is indeed applicable to attorneys. Defendant's counsel asserts that he, quite candidly, was unaware, at the time of filing of his motion, that the Act had been amended so as to rescind the provision excluding attorneys.

 Defendant also asserts that it is not a person who "regularly" collects debts. Defendant states that its debt collection business is less than 4% of its total business. However, the word "regular" is not synonymous with the word "substan-

tial." Debt collection services may be rendered "regularly" by defendant even though these services may amount to a small fraction of the firm's total activity. Further, the case law on point shows that an attorney "who engages in collection activities more than a handful of times per year must comply with the [Act]." *Crossley v. Lieberman*, 868 F.2d 566, 569 (3d Cir.1989) (quoting R. Hobbs, *Attorneys Must Now Comply With Fair Debt Collection Law*, X Pa.J.L.Rptr., No. 46, 3 (Nov. 21, 1987)). It is the volume of the attorney's debt collection efforts that is dispositive, not the percentage such efforts amount to in the attorney's practice. *Cacace v. Lucas*, 775 F.Supp. 502, 504 (D.Conn.1990); *In re Littles*, 90 B.R. 669, 676 (Bankr.E.D.Pa.1988), *aff'd as modified sub nom.*, *Crossley v. Lieberman*, 90 B.R. 682 (E.D.Pa.1988), *aff'd*, 868 F.2d 566 (3d Cir.1989); M. Sweig, *Guidelines for Consumer Debt Collection by Attorneys Under the 1986 Amendment to the Fair Debt Collection Practices Act*, 21 New Eng. L.Rev. 697, 699 (1987); *cf. Mertes v. Devitt*, 734 F.Supp. 872, 874 (W.D.Wis.1990) (stating that two collection matters per year amounting to less than 1% of the attorney's practice is not "regular" debt collection).

This court is persuaded that the volume of defendant's debt collection practice is sufficiently high to constitute "regular" debt collection. Defendant has an ongoing relationship with Chrysler, a large corporation with presumably many overdue accounts on its books. While the ratio of debt collection to other efforts may be small, the actual volume is sufficient to bring defendant under the Act's definition of "debt collector."

Next, plaintiffs assert in their summary judgment motion that defendant failed to include certain mandatory provisions in the debt collection notice. Plaintiffs argue that the letter sent to them February 28,

---

**3.** Plaintiffs have asked that Rule 11 sanctions be imposed on defendant for filing such a meritless motion. While defendant's motion is completely without merit, a simple letter from plaintiffs' counsel to defendant's counsel could have avoided the costs that plaintiffs have incurred in

defending this motion and the court finds it curious that plaintiffs' counsel did not do so. Because this misstatement of the law was not malicious, Rule 11 sanctions will not be imposed.

1991, violates 15 U.S.C. §§ 1962e(5), 1692e(11) & 1692g(a)(3)–(5). Sections 1692e(5) & (11) read in relevant part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\* \* \* \* \* \*

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

\* \* \* \* \* \*

(11) ... [T]he failure to disclose clearly in all communications made to collect a debt or to obtain information about a consumer, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

15 U.S.C. §§ 1692e(5) & (11). Sections 1692g(a)(3)–(5) read in relevant part:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. §§ 1692g(a)(3)–(5).

■ These alleged violations will be addressed in turn. In assessing whether defendant's letter violates the Act, this court must view the alleged violations from the standpoint of the least sophisticated consumer. *See Swanson v. Southern Or. Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir.1988); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172 (11th Cir.1985). As the Act is a strict liability statute, proof of one violation is sufficient to support summary judgment for plaintiff. *Cacace*, 775 F.Supp. at 505; *Riveria v. MAB Collections, Inc.*, 682 F.Supp. 174, 178–79 (W.D.N.Y.1988).

■ First, plaintiffs state that the defendant's letter violated sections 1692e(5) and 1692g(a)(3) because defendant did not give plaintiffs 30 days from the date of the letter's receipt to dispute the validity of the debt. The pertinent language in the letter states

I will assume the amount stated is correct unless you advise me otherwise within 30 days of the date of this letter, in which case, I will forward a verification of the debt to you.

Plaintiffs' Ex. B at 1. This passage complies with sections 1692e(5) and 1692g(a)(3). It clearly communicates to plaintiffs that unless plaintiffs dispute the debt within 30 days, the debt will be assumed to be correct. This contention by plaintiffs is meritless. The fact that the letter asserts that plaintiffs, if they dispute the debt, should so advise defendant "within 30 days of the date of this letter," instead of within 30 days of *receipt* of the letter, as provided in the Act, is such an insignificant variation from the statutory language, that the court cannot fairly constitute this *de minimis* variance as an abusive debt collection practice.

■ Second, plaintiffs assert that the letter violates section 1692e(11) "because it does not include the debt collection warning of an attempt to collect a debt and the use of any information obtained." The let-

ter does not contain any language that warns plaintiffs that information obtained will be used to collect the debt. Plaintiffs have thus shown, in this regard, a clear violation of the Act under section 1692e(11).

■ Third, plaintiffs argue that the letter violated section 1692g(a)(4) "because *it does not indicate the debt collector will obtain* verification of the debt or *a copy of the judgment against the consumer and mail copies to the consumer*" (emphasis in original). Again, the language of the letter states

I will assume the amount stated is correct unless you advise me otherwise within 30 days of the date of this letter, in which case, I will forward a verification of the debt to you.

Plaintiffs' Ex. B at 1. This language clearly states that verification of the debt will be forwarded to plaintiffs if the debt is disputed within the 30–day period.

■ At oral argument plaintiffs' counsel asserted that the letter was also in violation of section 1692g(a)(4) because there was no reference in the letter assuring plaintiffs that, if they disputed the debt within the aforesaid 30–day period, they would be provided (in addition to a copy of verification of the debt) with a copy of the *judgment.* When counsel was asked by the court at oral argument how defendant's counsel could promise to provide a copy of a judgment, when the letter makes abundantly clear that no judgment existed, and that possible legal action was only being contemplated, counsel responded that nevertheless the Act absolutely required that defendant promise to provide a copy of a judgment, even if it did not exist. In effect, plaintiffs' counsel seems to be contending that defendant, in order to comply with the Act, must dissemble and assert a falsehood in its letter. If the defendant did falsify and state that it would provide a copy of a non-existent judgment against plaintiffs, that would indeed, so it constitute an abusive debt collection practice very likely misleading unsophisticated plaintiffs into a belief that there had already been a judgment rendered against them. Taking the most charitable view of

the argument of plaintiffs' counsel in this regard, it was misguided. Therefore, plaintiffs' claim under section 1692g(a)(4) is also meritless.

■ Fourth, plaintiffs assert that the letter violates section 1692g(a)(5) "because it does not inform the consumer that the debt collector will provide the name and address of the original creditor if it's not the current creditor." There is no indication that Chrysler was not the original creditor, and in fact it is conceded that Chrysler was the original creditor. As Chrysler is the original creditor, there is no reason for defendant to insert language comporting with the last clause of section 1692g(a)(5). This court finds no violation of 15 U.S.C. § 1692g(a)(5).

■ Therefore, in summary, defendant has committed a minor violation of one provision of the Act.

However, defendant has shown "by a preponderance of the evidence that the violation was not intentional or resulted from a *bona fide* error...." 15 U.S.C. § 1692k(c). Plaintiffs have not disputed this defense. The provisions of the Act may not have been meticulously followed, but it is difficult to see how defendant's lack of fastidiousness and attention to detail could be construed as intentional. The court notes that this Act is designed to eliminate and prohibit abusive debt collection tactics and practices of debt collectors. It is not possible for the court to conclude that the letter in question, rather innocuous and courteous in its terminology and language, could be construed as an abusive debt collection tactic or practice. There is no doubt that abusive tactics have been employed by debt collectors, but this letter in question does not incorporate or employ any abusive tactic or practice whatsoever. Because defendant has shown that its one violation of the Act was unintentional, this court will not hold defendant liable under the Act.

### ORDER

For the foregoing reasons, it is hereby ORDERED that Strobl and Manoogian,

P.C.'s motion for summary judgment is GRANTED.

It is further ORDERED that Blagoja and Olga Stojanovski's motion for summary judgment is DENIED.

It is further ORDERED that Blagoja and Olga Stojanovski's motion for Fed.R.Civ.P. 11 sanctions against defendant is DENIED.

SO ORDERED.