**Stephen D. MIELE, Plaintiff,**

v.

**SID BAILEY, INC. d/b/a The Master Collectors, Inc., Defendant.**

**No. 95 Civ. 2656 (RWS) (AJP).**

United States District Court,
S.D. New York.

Jan. 16, 1996.

Stephen E. Tisman, New York City, for plaintiff.

## ORDER

SWEET, District Judge.

Pursuant to 28 U.S.C. § 636(b)(1), the Report and Recommendation of Magistrate Judge Andrew J. Peck, dated December 22, 1995, in the above action is hereby affirmed, no objections having been filed within ten (10) days.

Submit judgment on notice.

It is so ordered.

## REPORT AND RECOMMENDATION

PECK, United States Magistrate Judge.

TO THE HONORABLE ROBERT W. SWEET, United States District Judge:

On December 12, 1995, Judge Sweet entered a default judgment for plaintiff in this action and referred the case to me for an inquest as to damages. For the reasons set forth below, based on the evidence presented by plaintiff in the form of affidavits, I recommend that the Court enter judgment for plaintiff in the amount of $72,249.78 for actual and statutory damages, attorney fees and punitive damages, and also permanently en-join defendant from making any collection efforts about plaintiff's student loan or communicating to anyone that plaintiff's student loan is unpaid without also stating that it was discharged in bankruptcy.

## FACTS

Plaintiff Stephen Miele sued defendant Sid Bailey, Inc. d/b/a The Master Collectors Inc. ("Master Collectors") for abusive debt collection practices in violation of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and also asserted state law claims for "injurious falsehood" and defamation. Miele sought statutory and actual damages, and punitive damages of $250,000 on the state law claims. As noted above, on December 12, 1995, Judge Sweet entered a default judgment against defendant.

Miele filed a bankruptcy petition on May 25, 1979 and on September 7, 1979, he received a "Discharge of Bankrupt" that discharged, *inter alia*, the student loans that Master Collectors subsequently tried to collect. (Miele Aff. ¶ 3 & Ex. A; Tisman Aff. ¶ 7 & Ex. B.)

On March 10, 1994, some 15 years after the bankruptcy discharge, Master Collectors sent Miele a "Final Notice Before Action," giving him 72 hours to pay his student loan debt. (Miele Aff. ¶ 5 & Ex. B.) Miele's counsel, Stephen Tisman, wrote Master Collectors on March 24, 1994 advising that the debt had been discharged in bankruptcy, and enclosed a copy of the bankruptcy Order of Discharge. (Tisman Aff. ¶ 3 & Ex. A; Miele Aff. ¶¶ 7–8.) Nevertheless, Master Collectors communicated directly with Miele about the debt on at least five additional occasions, both by letter and by telephone. (Miele Aff. ¶¶ 9–16 & Exs. C–G.) Miele's counsel spoke with Master Collectors on September 7, 1994, and on October 3, 1994 provided Master Collectors with the documents it had requested about the bankruptcy discharge. (Tisman Aff. ¶¶ 5–7 & Ex. B.)

Despite this, Master Collectors caused the Department of Education to seize Miele's 1994 tax refund of $703.43 to partially satisfy the (discharged) student loan. (Miele Aff. ¶ 18.)

Mr. Miele believes Master Collectors has communicated to credit reporting agencies that he owes the student loan, because Citibank questioned him about an "unpaid student loan" when he recently sought a home mortgage. (Miele Aff. ¶¶ 20–21.) Miele found this to be "highly embarrassing." (Miele Aff. ¶ 21.)

### Proof of Damages

Miele's 1994 tax refund of $703.43 was seized to satisfy the loan. (Miele Aff. ¶ 18.)

Miele incurred accountants' fees of $450 for "preparation of IRS refund request for improperly seized money. Conversations with taxpayer and attorney." (Miele Aff. Ex. H & Aff. ¶ 19.)

Miele incurred attorney's fees of $9,818 in connection with this matter, and attorney's disbursements of $790.63, both as substantiated by his counsel's contemporaneous time records. (Tisman Aff. ¶¶ 11–15 & Exs. E–F.) I have reviewed the billing rate utilized by Mr. Tisman, his associate, and their assistants and find the rate to be reasonable and appropriate. I also have reviewed the time and expense records and find them appropriate, except for charges of $12.28 for "business meals," which I disallow.

### ANALYSIS

Section 1692k of the FDCPA provides that:

(a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

(1) any actual damage sustained by such person as a result of such failure;

(2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; ...

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court ...

(b) In determining the amount of liability in any action under subsection (a) of this section, the court shall consider, among other relevant factors—

(1) in any individual action under subsection (a)(2)(A) of this section, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional; ....

### Actual Damages

As noted above, Miele's actual damages plus attorney's fees are:

| | | |
|---|---|---|
| $ 703.43 | — | seized tax refund |
| 450.00 | — | accountants' fees |
| 9,818.00 | — | attorney's fees |
| 778.35 | — | attorney disbursements (less $12.28 disallowed) |
| $11,249.78 | | |

### Statutory Damages

■ In addition, the Court imposes the maximum additional statutory damages of $1,000. 15 U.S.C. § 1692k(a)(2)(A). The maximum amount is warranted because of defendants' numerous communications with plaintiff after being advised by plaintiff and his counsel that the debt had been discharged in bankruptcy. *See, e.g., Clomon v. Jackson,* 988 F.2d 1314, 1322 (2d Cir.1993) (decision to award statutory damages and size of such award is committed to the sound discretion of the district court); *Cacace v. Lucas,* 775 F.Supp. 502, 507 (D.Conn.1990) ($1,000 statutory damages justified by defendant's continued use of offending demand letter after notification); *Harvey v. United Adjusters,* 509 F.Supp. 1218, 1221 (D.Or. 1981) (no need to show actual pecuniary damages to receive statutory damages; most improper debt collection practices cause emotional distress rather than pecuniary loss); *Bingham v. Collection Bureau, Inc.,* 505

F.Supp. 864, 876 (D.N.D.1981) (statutory damages warranted where defendant's acts were intentional); *Rutyna v. Collection Accounts Terminal, Inc.,* 478 F.Supp. 980, 982 (N.D.Ill.1979) (egregiousness of violation is factor to be considered in awarding statutory damages).

### Punitive Damages

■ As to punitive damages on the state tort claims, a plaintiff is entitled to punitive damages in a tort action if plaintiff shows:

"circumstances of aggravation or outrage, such as spite or 'malice,' or a fraudulent or evil motive on the part of the defendant, or *such a conscious and deliberate disregard of the interests of others that the conduct may be called wilful or wanton.*"

*Purgess v. Sharrock,* 33 F.3d 134, 143 (2d Cir.1994) (*quoting Prozeralik v. Capital Cities Com., Inc.,* 82 N.Y.2d 466, 605 N.Y.S.2d 218, 225–26, 626 N.E.2d 34, 41–42 (1993)) (emphasis added).

■ Here, Master Collectors continued to demand payment of the debt, and had plaintiff's tax refund seized, even after receiving proof that the debt had been discharged in bankruptcy. Further, Master Collectors also apparently has advised others that plaintiff's student loan is unpaid, despite having received evidence of its discharge in bankruptcy. I recommend that the Court impose punitive damages of $60,000, which is approximately five times plaintiff's actual and statutory damages and attorney fees.

### Injunctive Relief

■ For the reasons set forth at pages 12–14 of plaintiff's "Memorandum of Law in Support of Plaintiff's Application for Entry of a Default Judgment," plaintiff is entitled as part of the default judgment to injunctive relief.

I recommend that Master Collectors should be permanently enjoined from (a) making any collection efforts about plaintiff's student loan, and (b) communicating to anyone that plaintiff's student loan is unpaid without also stating that it was discharged in bankruptcy.

### CONCLUSION

I recommend that the Court enter judgment for plaintiff for $72,249.78 in actual and statutory damages (including attorney fees) and punitive damages, and that defendant Master Collectors be permanently enjoined as described above.

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from receipt of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Robert W. Sweet, 500 Pearl Street, Room 1920, and to the chambers of the undersigned, 40 Centre Street, Room 540. Any requests for an extension of time for filing objections must be directed to Judge Sweet. Failure to file objections may result in a waiver of those objections for purposes of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993), *cert. denied,* —— U.S. ——, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert. denied,* 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237–38 (2d Cir.1983).

### SERVICE

Plaintiff is to serve a copy of this Report and Recommendation on defendant and file an affidavit of service with the Clerk's Office.

DATED: December 22, 1995