Sarah GOLDSTEIN, Plaintiff,

v.

HUTTON, INGRAM, YUZEK, GAINEN
CARROLL & BERTOLOTTI,
Defendant.

No. 98 CIV 1464(MGC).

United States District Court,
S.D. New York.

March 18, 1999.

Victor M. Serby, New York City, for Plaintiff.

Jones Hirsch Connors & Bull P.C., New York City by Alan M. Gelb, Theodore R. Snyder, for Defendant.

## OPINION

CEDARBAUM, District Judge.

Plaintiff Sarah Goldstein commenced this putative class action suit against defendant Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti ("Hutton"), a New York City law firm, for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692–1692o ("FDCPA"). Hutton moves to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. For the reasons that follow, Hutton's motion is denied.

### Background

According to the complaint, plaintiff incurred a personal debt to Stahl York Avenue Co. ("Stahl") by failing to make certain rent payments on her apartment. She received a notice, dated January 7, 1998, demanding payment of $2,583.02 for past due rent (the "Notice"). The Notice, which is attached to the complaint and incorporated by reference thereto, has the heading "THREE DAY NOTICE," and it states:

> PLEASE TAKE NOTICE that you are hereby required to pay to Stahl York Avenue Co landlord of the above described premises, the sum of $2,583.02 for rent of the premises [from August

1997 through January 1998 at the rate of $430.27 per month].

You are required to pay within three days from the day of service of this notice, or to give up possession of the premises to the landlord. If you fail to pay or to give up the premises, the landlord will commence summary proceedings against you to recover possession of the premises.

(Compl.Ex. 2). The Notice is signed by a vice president of Charles H. Greenthal Management Corp. as agent for Stahl.[1] Even though the Notice is signed by an agent of Stahl, it appears that Hutton is involved in the collection of the rent arrears because the top of the Notice reads as follows:

Hutton, Ingram, Yuzek, Gainen, Carrol & Bertolotti

Attorneys For Landlord

250 Park Avenue 6th Fl.

New York, New York 10177

In addition, Hutton's name and return address appear on both the envelope in which the Notice was mailed and the certified mail receipt for the Notice. (Compl.Ex. 2).

According to the complaint, Hutton is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), "in that it regularly attempts to directly or indirectly collect debts owed to [Stahl] and other landlords" (Compl.¶ 4), and the Notice, allegedly the initial communication from Hutton to plaintiff, (1) violates 15 U.S.C. § 1692g because it lacks a thirty day validation notice (Compl.¶ 14) and is inconsistent with the requirement that the plaintiff be advised of and be given a thirty day period in which to dispute the bill (Compl.¶ 15); (2) fails to disclose clearly that Hutton was attempting to collect a debt and that any information obtained would be used for that purpose, as required by 15 U.S.C. § 1692e(11) (Compl.¶ 19); and (3) contains threats to take actions that could not legally be taken, or that were not intended to be taken, in violation of 15 U.S.C. § 1692e(5). (Compl.¶ 20).

Hutton moves to dismiss the complaint on the grounds that (1) Hutton is not a "debt collector" under the FDCPA; (2) the service of the Notice is legal process and therefore Hutton is excluded from the definition of a debt collector under the legal process exemption in 15 U.S.C. § 1692a(6)(D); (3) rent arrears are not a "debt" within the meaning of the FDCPA; (4) the Notice is not a "communication" within the meaning of the FDCPA; (5) the FDCPA should be narrowly construed to avoid preempting New York's landlord-tenant procedures; (6) the rent arrears arose out of an illegal sublet, and are therefore excluded from the FDCPA's definition of debt (15 U.S.C. § 1692a(5)); and (7) the FDCPA represents an unconstitutional taking. In its reply memorandum, Hutton also argues that the Notice is not the initial communication to plaintiff.

### Discussion

On a motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6), the court must take the allegations of the complaint as true and draw all reasonable inferences in plaintiff's favor. The motion may then be granted only if it appears beyond a doubt that plaintiff does not have a claim entitling her to relief. *Sheppard v. Beerman,* 18 F.3d 147, 150 (2d Cir.), *cert. denied,* 513 U.S. 816, 115 S.Ct. 73, 130 L.Ed.2d 28 (1994).

In *Romea v. Heiberger & Assocs.,* 163 F.3d 111 (2d Cir.1998), the Second Circuit sustained a similar complaint against a lawyer who sent a three-day notice. Many

---

1. The signature line is set up so that Stahl is the signing entity which has delegated signing authority to the management corporation as agent:

STAHL YORK AVENUE CO

BY CHARLES H. GREENTHAL
MANAGEMENT CORP.
-- AS AGENT --

BY _____
KENNETH WILDE, VICE PRESIDENT

of Hutton's principal arguments were rejected in *Romea*. Since the complaint in this case parrots the complaint in *Romea*, to succeed on this motion to dismiss, Hutton must distinguish this case from *Romea*. Accordingly, plaintiff contends that in *Romea*, the lawyer signed the notice, whereas in this case, the managing agent signed the Notice on behalf of the landlord. But there is no focus in *Romea* on the signatory of the notice. In discussing whether a three-day notice is a "communication" regarding a debt, the Second Circuit speaks only of the "sending" of the letter notice by the defendant lawyer. *Romea*, 163 F.3d at 116. Hutton does not, and cannot, argue that it did not send the Notice. Indeed, the letterhead of the Notice bears Hutton's name and address, and the same name and address appear on the mailing envelope and the certified mail receipt.

■ Hutton advances two other arguments that were not explicitly addressed in *Romea*. Hutton's first such argument is that rent from an illegal sublet does not constitute a debt within the meaning of the FDCPA. This issue cannot be resolved on the face of the complaint. A "debt" under the FDCPA is an obligation or alleged obligation of a consumer arising out of a transaction that is primarily for a "personal, family, or household purpose[ ]". 15 U.S.C. § 1692a(5). Hutton argues that since plaintiff was subletting her apartment for profit, her rent arrears arose out of a commercial or business transaction rather than one with a personal, family or household purpose. These questions of fact cannot be resolved on a motion to dismiss the complaint. Two such factual issues include whether an illegal sublet existed, and what the purpose of the sublet was.

■ Hutton also contends that reading the FDCPA to apply to three-day notices "abrogates the contract of lease and is [thus] a 'taking' of landlords' rights prohibited by law. U.S. Const. Amend. 5; N.Y. Const. Art. I, Sec. 6." (Def. Mem. 16;

Repl. Mem at 12 n. 4). Takings Clause jurisprudence is complex, and aside from the bare statement quoted above, Hutton provides no explanation of how it supports the position that the FDCPA as applied constitutes an impermissible taking. In any event, courts do not reach constitutional issues unless and until they are necessarily presented. *Three Affiliated Tribes of Fort Berthold Reservation v. Wold Engineering, P.C.*, 467 U.S. 138, 157, 104 S.Ct. 2267, 81 L.Ed.2d 113 (1984); *Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 347, 56 S.Ct. 466, 80 L.Ed. 688 (1936) (Brandeis, J., concurring). Therefore, the complaint will not be dismissed on the takings ground.

■ Finally, in its reply memorandum, Hutton contends that the Notice cannot be the initial communication because plaintiff had been previously served with a holdover petition. Hutton requests that I take judicial notice of the holdover petition. This argument was raised in the reply memorandum and thus plaintiff has not had an opportunity to respond to it. It appears that the holdover petition was signed by Stahl, the creditor, and makes no reference to Hutton. There is no indication that Hutton sent the petition to plaintiff. Thus, it is unclear whether the holdover petition constituted the initial communication from Hutton in its alleged capacity as debt collector. Since the facts must be construed most favorably to plaintiff, this ambiguity precludes dismissal on the face of the complaint.

All the factual issues, including the conclusory allegation that Hutton is a debt collector, are subject to reexamination after the completion of discovery on a motion for summary judgment.

### Conclusion

For the foregoing reasons, Hutton's motion to dismiss is denied.

SO ORDERED.