**Sarah GOLDSTEIN, Plaintiff,**

v.

**HUTTON, INGRAM, YUZEK, GAINEN, CARROLL & BERTOLOTTI, Defendant.**

**No. 98CIV.1464(MGC).**

United States District Court, S.D. New York.

Aug. 15, 2001.

Victor M. Serby, Esq., New York, for Plaintiff.

Jones Hirsch Connors & Bull, New York, By Alan M. Gelb, Peter T. Shapiro, for Defendant.

## OPINION

CEDARBAUM, District Judge.

Sarah Goldstein commenced this purported class action against defendant Hutton, Ingram, Yuzek, Gainen, Carrol & Bertolotti ("Hutton"), a New York City law firm, for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). In a prior opinion, I denied Hutton's motion to dismiss, but stated that "[a]ll the factual issues, including the conclusory allegation that Hutton is a debt collector, are subject to reexamination after the completion of discovery on a motion for summary judgment." *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti,* 39 F.Supp.2d 394, 396 (S.D.N.Y.1999). Hutton now moves for summary judgment pursuant to Fed.R.Civ.P. 56. For the following reasons, Hutton's motion is granted.

## BACKGROUND

The following facts are undisputed. Plaintiff Goldstein leased an apartment at 415 East 64th Street in Manhattan from Stahl York Avenue Co. ("Stahl") from 1992 through 1998. Beginning in 1996, Goldstein and Stahl had several disputes and engaged in periodic litigation stemming from Goldstein's alleged violations of the lease and failure to pay rent. Defendant Hutton represented Stahl in connection with these disputes.

In September 1997, Hutton served Goldstein with a notice to cure a breach of the lease based on Goldstein's alleged unauthorized subletting and altering of the apartment. Hutton then served a notice of termination in October 1997. After the notice was served, Goldstein tendered payment of rent for August, September and November. Stahl did not accept the rent checks so as to avoid waiving its claim that the lease had been terminated.

On November 14, 1997, Stahl commenced a holdover proceeding in state court to recover possession of the apartment. Goldstein was served with a notice of petition, prepared by Hutton, that, *inter alia,* demanded payment of $1,290.81 in back rent for August, September and October, and payment of rent on an ongoing basis from November 1. In a court appearance on January 6, 1998, at which Stahl was represented by a Hutton attorney, the parties settled the dispute "without prejudice" based on Goldstein's representation that no illegal subtenant resided in the apartment. The issue of Goldstein's unpaid rent for August through November was not resolved in the settlement.

On January 7, 1998, Goldstein was served with the three day notice at issue in this case (the "Notice"). The Notice was prepared by Hutton, and contained Hutton's name and return address at the bottom of the Notice and on both the envelope in which the Notice was mailed and the certified mail receipt. The Notice sought payment of the outstanding rent for August 1997 through January 1998 and stated the following:

PLEASE TAKE NOTICE that you are hereby required to pay Stahl York Avenue Co., landlord of the above premises, the sum of $2,583.02 for rent of the premises [from August 1997 through January 1998 at the rate of $430.27 per month].

You are required to pay within three days from the day of service of this notice, or to give up possession of the premises to the landlord. If you fail to pay or to give up the premises, the landlord will commence summary pro-

ceedings against you to recover possession of the premises.[1]

On January 15, 1998, Stahl commenced a summary eviction proceeding against Goldstein. Goldstein filed her complaint in this action on February 27, 1998. The summary eviction action was settled by stipulation on April 1, 1998.

Over the one-year period from February 27, 1997 through February 27, 1998, Hutton issued, through a process server, 145 three day notices. Hutton received approximately $5,000 in revenue from the issuance of the three day notices, which constitutes .05% of Hutton's roughly $10,000,000 in revenue for that period.[2]

Goldstein alleges that the Notice violates the FDCPA because (1) it lacks a thirty day validation notice, in violation of 15 U.S.C. § 1692g; (2) it fails to disclose that Hutton was attempting to collect a debt and that any information obtained would be used for that purpose, in violation of 15 U.S.C. § 1692e(11); and (3) it contains threats to take actions that could not legally be taken, in violation of 15 U.S.C. § 1692e(5).

Hutton moves for summary judgment on the grounds that (1) the Notice did not violate the FDCPA "given the entire context in which the parties' communications took place", Pl. Br. at 11, and (2) it is not a "debt collector" as defined by the statute.

## DISCUSSION

### Standard For Summary Judgment

A motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The judge's role in summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In deciding whether a genuine issue exists, a court must "examine the evidence in the light most favorable to the party opposing the motion, and resolve ambiguities and draw reasonable inferences against the moving party." *In re Chateaugay Corp.*, 10 F.3d 944, 957 (2d Cir.1993). Nonetheless, "Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548.

### Application of the FDCPA to Hutton

The FDCPA "prohibits debt collectors from making false and misleading repre-

---

1. Under Article 7 of the New York Real Property Actions and Proceedings Law, a landlord may bring a summary proceeding to take possession of property on the basis of the tenant's failure to pay rent. Service of a three day notice is a statutory prerequisite to such an action. *See* N.Y. Real Prop. Acts. Law § 711 (McKinney 1979). The three day notice at issue satisfied the statutory requirements of § 711.

2. Hutton initially submitted this information in paragraph 22 of the affidavit of Marc J. Schneider, dated October 5, 2000, which accompanied Hutton's motion. Because Mr. Schneider's affidavit stated that he was "advised" as to the firm's revenues, Hutton submitted an affidavit of Dean G. Yuzek, a Hutton partner with personal knowledge of the information contained in paragraph 22 of Mr. Schneider's affidavit, which confirmed that the information is true and accurate.

sentations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins,* 514 U.S. 291, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995); 15 U.S.C. §§ 1692d-f. It also requires that, within five days of the initial communication with a consumer in connection with the collection of a debt, a debt collector send the consumer a written notice containing the amount of the debt, the creditor to whom the debt is owed, a statement that unless the consumer disputes the validity of the debt within thirty days, the debt collector will assume the debt is valid, and a statement that if the consumer notifies the debt collector in writing within thirty days that the debt is disputed, the debt collector will provide the consumer with verification of the debt or a copy of the judgment against the consumer. 15 U.S.C. § 1692g.

■ To defeat summary judgment, Goldstein must present evidence establishing that Hutton is a debt collector under the statute. *See, e.g., White v. Simonson & Cohen P.C.,* 23 F.Supp.2d 273 (E.D.N.Y. 1998). The FDCPA defines a "debt collector" as

any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). The statute "applies to attorneys that 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." *Heintz v. Jenkins,* 514 U .S. at 299, 115 S.Ct. 1489. The Second Circuit has held that three day notices qualify as debt collection activity under the statute, and that attorneys who send such notices are not exempt under 15 U.S.C. § 1692a(6)(D), which excludes from the definition of debt collector those "serving or attempting to serve legal process." *Romea v. Heiberger & Associates,* 163 F.3d 111, 116–19 (2d Cir.1998) (affirming denial of attorney defendants' motion to dismiss).

■ Whether attorney defendants "regularly" collect consumer debt for purposes of the FDCPA is determined on a case by case basis. Courts have considered several factors in making that determination, including the percentage of revenue generated by debt collection activities, the sheer volume of debt collection activities, and whether defendants have an ongoing attorney-client relationship with a collection agency. *See, e.g., White,* 23 F.Supp.2d at 274 (E.D.N.Y.1998); *Von Schmidt v. Kratter,* 9 F.Supp.2d 100, 102 (D.Conn.1997); *Cacace v. Lucas,* 775 F.Supp. 502, 504 (D.Conn.1990).

The 145 three day notices sent by defendants between February 27, 1997 and February 27, 1998 are the only evidence of debt collection by Hutton proffered by plaintiff. These notices generated $5,000 in revenue, amounting to approximately .05% of Hutton's revenue over that period. Courts have uniformly held as a matter of law that law firms for which debt collection activities constitute such a small percentage of their revenues are not debt collectors under the FDCPA. *See, e.g., Schroyer v. Frankel,* 197 F.3d 1170, 1172 (6th Cir. 1999) (affirming judgment of trial court that law firm for which debt collection constituted less than 2% of firm's practice was not a debt collector); *Argentieri v. Fisher Landscapes, Inc.,* 15 F.Supp.2d 55, 60 (D.Mass.1998) (granting summary judgment to firm based on affidavit from attorney that .4% of firm's practice was debt collection); *Von Schmidt,* 9 F.Supp.2d at 102–103 (granting summary judgment to firm that billed $807.79 from debt collection over two years); *Hartl v. Presbrey & Assoc.,* No. 95 C 4728, 1996 WL 529339 (N.D.Ill.1996) (granting summary judg-

ment where debt collection comprised less than 1% of firm's practice); *Nance v. Petty, Livingston, Dawson & Devening,* 881 F.Supp. 223, 225 (W.D.Va.1994) (granting motion to dismiss where debt collection made up 1.07% of firm's cases).

*Cacace v. Lucas,* on which plaintiff relies, is not to the contrary. Not only did the lawyer defendant in *Cacace* use the collection letter there at issue 125 to 150 times in a 14 month period, but he also filed 144 small claims actions and 10 other actions in collection matters in the prior year. In addition, the lawyer had an ongoing attorney-client relationship with four collection agencies and more than 60% of his work for those agencies involved the collection of debt. *Cacace,* 775 F.Supp. at 505; *see also Stojanovski v. Strobl & Manoogian, P.C.,* 783 F.Supp. 319, 322 (E.D.Mich.1992) (holding that firm representing a large corporate client with many overdue accounts was a debt collector despite fact that debt collection comprised only 4% of firm's activity). The *Cacace* court held that the lawyer was a debt collector because of the volume of his debt collection activity, notwithstanding that debt collection was incidental to his practice.

In this case, the volume of Hutton's debt collection is significantly less, the percentage of revenue generated by that activity is minuscule and there is no evidence that Hutton represents traditional collection agencies. To the contrary, Hutton issued the Notice at issue, as well as the other 144 three day notices, on behalf of its real estate clients. Hutton does not advertise itself as being in the business of debt collection, nor does it maintain a specialty listing as a debt collector in Martindale–Hubbell or any other attorney guide. *See Argentieri,* 15 F.Supp.2d at 59. Accordingly, Hutton is not a debt collector under the FDCPA.

## Additional Discovery

■ In her Supplemental Memorandum of Law in Opposition to Hutton's motion, Goldstein requests additional discovery as to other possible debt collection activity by Hutton. The Second Circuit requires a party seeking additional discovery to forestall summary judgment to file an affidavit under Fed.R.Civ.P. 56(f) setting forth the following:

1) the nature of the uncompleted discovery, i.e., what facts are sought and how they are to be obtained; 2) how those facts are reasonably expected to create a genuine issue of material fact; 3) what efforts the affiant has made to obtain those facts; and 4) why those efforts were unsuccessful.

*Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.,* 769 F.2d 919, 926 (2d Cir.1985). Goldstein's counsel has not submitted such an affidavit. "Failure to file an affidavit under Rule 56(f) is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate." *Paddington Partners v. Bouchard,* 34 F.3d 1132, 1137 (2d Cir.1994). Moreover, Goldstein had more than enough time to obtain the information she is now seeking. The case has been pending since 1998. It is clear from oral argument that Goldstein's counsel did not consider Hutton's debt collector status to be an issue, despite notice in my earlier opinion that I would consider the question on a motion for summary judgment. Nevertheless, I permitted him to submit supplemental briefing on the question after oral argument. However, Goldstein's eleventh hour request for additional discovery after oral argument, without the required Rule 56(f) affidavit, is denied. Plaintiff has had more than two years in which to pursue discovery on the essential elements of her claim.

## CONCLUSION

For the foregoing reasons, Hutton's motion for summary judgment is granted.

SO ORDERED.