**Patrick T. MERTES, Plaintiff,**

v.

**Russell DEVITT, individually, and d/b/a Soffa and Devitt, Defendant.**

**No. 89–C–999–S.**

United States District Court, W.D. Wisconsin.

April 11, 1990.

Mary Catherine Fons, UAW–GM Legal Services Plan, Janesville, Wis., for plaintiff.

Josann M. Reynolds, Jenswold, Studt, Hanson, Clark & Kaufmann, Madison, Wis., for defendant.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

Plaintiff Patrick T. Mertes brings this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, against the defendant Russell Devitt. This Court previously denied defendant's motion to dismiss because plaintiff had not had sufficient opportunity to obtain discovery of the nature of defendant's debt collection practices. In its previous decision the Court found that the sole factual issue was whether defendant "regularly collects or attempts to collect" debts such that he is within the coverage of the FDCPA. Additional discovery has now been completed and the matter is before the Court on cross motions for summary judgement.

The following is a summary of undisputed facts relevant to the issue of defendant's debt collection practice.

## FACTS

Defendant is an attorney licensed to practice law in Wisconsin. On December 15, 1988 he sent a letter to the plaintiff seeking to collect an outstanding debt for his client, Havill–Spoerl Motor Corporation. The letter did not comply with the requirements of the FDCPA.

In the past ten years defendant has engaged in collection efforts on behalf of Havill–Spoerl a total of fifteen times. Defendant engaged in no other collection activity in 1989 or 1987. Defendant handled one other collection matter in 1988 and one in 1986. Defendant's debt collection practice is less than one percent of his total legal practice.

## MEMORANDUM

The relevant facts concerning liability are undisputed and both parties have moved for summary judgement. Under these circumstances there is no genuine issue as to any material fact and the issue of liability may be resolved as a matter of law on summary judgement. Rule 56(c), Federal Rules of Civil Procedure.

Plaintiff seeks to impose civil liability on defendant pursuant to 15 U.S.C. § 1692k(a) which imposes liability on "any debt collector" who violates FDCPA provisions. "Debt collector" is defined at 15 U.S.C. § 1692a(6):

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another....

The principal purpose of defendant's business is not debt collection. Accordingly, the FDCPA is applicable to him only if his collection activities are sufficient to bring him within the definition as a person "who regularly collects or attempts to collect" debts of another. Based upon the language of the statute and its legislative history the Court concludes that the defen-

dant is not a "debt collector" and is not subject to the FDCPA.

Few courts have had the opportunity to consider the meaning of the term "regularly" in the context of this section. The only case discovered by the parties or the Court which has addressed the issue is *Crossley v. Lieberman*, 868 F.2d 566, 569–570 (3d Cir.1989). In *Crossley* the court had little trouble finding that the defendant's collection practice was regular because defendant testified that debt collection was a "principal part of" his practice at the time of the alleged violation. *Id.* at 570. Because of this testimony, *Crossley* is factually distinct from the present case.

Here the undisputed facts are that over the past ten years the defendant averaged less than two collection matters per year and that this comprised less than one percent of his practice. Such a limited involvement in collection matters does not satisfy the commonly understood meaning of the term regular. An interpretation which would include defendant's actions as "regular" debt collection would completely erase the limitation Congress included in the law and would be inconsistent with a common sense reading of the statute. The language of the statute leads to the conclusion that defendant is not a "debt collector."

This conclusion is supported by recent legislative history. In 1986 Congress amended the FDCPA to delete a previous provision which exempted attorneys from its coverage. House Report No. 99–405 summarized the purpose of the amendment:

> Removal of the exemption [for attorneys] would require any attorney who comes within the definition of "debt collector" contained in section 803(6) to comply with the provisions of the Fair Debt Collection Practices Act. Quite simply, any attorney who is in the business of collecting debts will be regarded by the Act as a debt collector.

99th Cong., 2nd Sess. (1986), U.S.Code Cong. & Admin. News 1986, 1752, 1753. The House Report evidences substantial concern with lawyers who were unfairly competing with collection firms and abus-ing their exemption from FDCPA coverage. It was these firms which Congress sought to affect by the amendment:

> The Act originally exempted attorneys from its provisions on the basis that attorneys were only incidentally involved in debt collection activities. In recent years a large number of law firms have gone into specialized debt collection, and many of these firms use lay persons full time to collect debts. Repeal of the exemption will require these firms to comply with the same standards of conduct as the lay debt collection firms.

*Id.* at 1759. These comments clearly indicate that Congress neither intended nor expected attorneys such as the defendant to be covered by the Act. Congress apparently contemplated that attorneys with only "incidental" involvement in debt collection would remain unregulated. Not surpisingly this intention is entirely consistent with the language of the statute which reaches only those who regularly collect debts.

*Crossley*, and the decisions of the district court, 90 B.R. 682 (E.D.Pa.1988) and the bankruptcy court, *In re Littles*, 90 B.R. 669 (Bankr.E.D.Pa.1988), which it affirmed, placed an undue emphasis upon isolated portions of the legislative history and interpretations of this history by commentators while ignoring the language of the statute. This emphasis prompted dicta to the effect that the FDCPA covers those who collect on an "occasional basis" or "other that an 'isolated' basis (which theoretically could mean more than *once* )." *In re Littles*, 90 B.R. at 676. This approach ignores the fundamental rule that when applying a statute the intent of Congress is "best determined by the statutory language it chooses." *Sedima, S.P.R.L. v. Imrex*, 473 U.S. 479, 495 n. 13, 105 S.Ct. 3275, 3284 n. 13, 87 L.Ed.2d 346 (1985). As a result of this backward analysis the *Crossley* decision equates the word "occasional" with the word "regular," a shocking conclusion given that the words are virtual antonyms. *See, Random house Dictionary* 1339 (2d ed., 1987) (defining "occasional" as "occur-

ring or appearing at *irregular* or infrequent intervals; occurring now and then.").

The Court finds that defendant's collection efforts are irregular and an insubstantial part of his legal practice and consequently defendant is not a "debt collector" under 15 U.S.C. § 1692a(6).

## ORDER

IT IS ORDERED that defendant's motion for summary judgment is granted.

IT IS FURTHER ORDERED that judgment is entered in favor of the defendant against the plaintiff DISMISSING plaintiff's complaint with prejudice and costs.