**Denise TRAGIANESE, Plaintiff,**

v.

**Daniel BLACKMON, d/b/a Phoenix Investigative Services, Defendant.**

**No. 3:95CV2459 (RNC).**

United States District Court, D. Connecticut.

Sept. 30, 1997.

Joanne Faulkner, Law Offices of Joanne Faulkner, New Haven, CT, for Plaintiff.

Daniel Blackmon, New Haven, CT, pro se.

Donna L. Wright, New Haven, CT, for Defendant.

## ORDER

CHATIGNY, District Judge.

After review and absent objection, the Magistrate Judge's recommended ruling is hereby approved and adopted.

So Ordered.

### RECOMMENDED RULING ON MOTION FOR PARTIAL SUMMARY JUDGMENT

MARTINEZ, United States Magistrate Judge.

This action arises out of the defendant's attempt to collect a $6.35 debt allegedly owed by the plaintiff. The plaintiff contends that the defendant, in his efforts to collect the debt, violated various provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn.Gen. Stat. § 42–110a.

Currently pending before the court is the plaintiff's motion for partial summary judgment as to liability. The defendant opposes the motion on the ground that he is not a debt collector, creditor, or collection agency and therefore cannot be held liable under the FDCPA or CUTPA. For the reasons stated below, the court recommends that the plaintiff's motion (doc. # 32) be GRANTED in part and DENIED in part.

### FACTS

For the purposes of this motion for partial summary judgment, the undisputed facts are as follows. On or about September 26, 1995, the defendant sent a letter to the plaintiff on behalf of Tommy K's Video, a retail merchant providing video rentals, sales and repairs to the public. In his letter the defendant identified himself as a licensed, private detective hired to collect monies due from a check issued to Tommy K's Video that did not clear the bank. The letter requested payment of $6.35 for videos rented on July 26, 1995, plus a $20 collection charge and an additional $10 charge identified as a "bank charge." The letter also requested that the plaintiff contact the defendant "so that we

can clear up the following matter without this matter being referred to the police."

The defendant sent similar letters on behalf of Tommy K's Video to approximately sixty people in 1995.[1] Notwithstanding the statements in his letter, the defendant did not report any person to the police for issuing a check which did not clear the bank.

The primary purpose of the defendant's business is to perform criminal and civil investigations. Debt collection is not, and never has been, one of the regular services he has offered to his clients during approximately six years of business ownership. The only debt collection services the defendant ever provided were performed on behalf of Tommy K's Video during 1995.

At the time the defendant sent the collection letters, he was not licensed as a consumer collection agency by the Connecticut Banking Department.

## STANDARD OF REVIEW

Summary judgment is appropriate only if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed.R.Civ.P. 56. There is a genuine dispute over a material fact if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party bears the burden of establishing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the moving party meets this burden, the adverse party must then set forth specific facts demonstrating that a genuine issue for trial exists. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

1. In her Local Rule 9 statement, the plaintiff states that the collection letters were sent over a period of two to three months. *See* Plaintiff's Statement of Material Facts, ¶ 2. As authority for this statement, the plaintiff cites the Defendant's Response to Interrogatory No. 3. The defendant has submitted an affidavit in which he attests that his debt collection efforts were limited to a period of "a few weeks." *See* Affidavit of Daniel

## DISCUSSION

### A. Fair Debt Collection Practices Act ("FDCPA")

#### 1. "Debt Collector"

■ The parties do not dispute the actions taken by the defendant in his attempt to collect the debt allegedly owed by the plaintiff. The dispositive issue in determining whether the defendant may be held liable under the FDCPA is whether the defendant's actions make him a "debt collector" as that term is defined in the statute. This is a question of law for the court to decide. *See Coffman v. Trickey,* 884 F.2d 1057, 1061 (8th Cir.1989), *cert. denied* 494 U.S. 1056, 110 S.Ct. 1523, 108 L.Ed.2d 763 (1990) (where the relevant facts are undisputed, the applicability of a statute's terms is a question of law for the court to decide).

The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

■ The plaintiff does not contend that debt collection is the principal purpose of the defendant's business. Rather, the plaintiff contends that the defendant is a debt collector under the FDCPA because his sending of approximately 60 collection letters in 1995 makes him one "who regularly collects or attempts to collect" debts owed to others. The defendant responds that his debt collection activities on behalf of Tommy K's Video are insufficient for him to be considered a debt collector under the statute.

There is no precise formula for determining whether a person's debt collection prac-

Blackmon, ¶ 6. Due to the vagueness of the term "few," it is unclear whether the defendant is attempting to retrench or merely to cast an argumentative gloss on his earlier interrogatory answer. In any event, whether the defendant's collection efforts extended over a period of a few weeks or two to three months does not alter the court's analysis of this case.

tices are sufficiently "regular" to cause that person to be a debt collector subject to the provisions of the FDCPA. The FDCPA has been said to apply to individuals who collect debts "on an occasional basis," or "more than a handful of times per year." R. Hobbs, *Attorneys Must Now Comply With Fair Debt Collection Law*, X Pa.J.L. Rptr., No 46, 3 (Nov. 21, 1987), *quoted in Crossley v. Lieberman*, 868 F.2d 566, 569 (3d Cir.1989).

In deciding whether an individual regularly collects debts for purposes of the FDCPA, one of the primary factors to be considered is the volume of the individual's debt collection activities. In *Cacace v. Lucas*, 775 F.Supp. 502 (D.Conn.1990) (Burns, J.), for example, the court considered the following factors in determining that the defendant attorney "regularly" collected debts for purposes of the FDCPA: the volume of the attorney's collection activities, the frequency of the use of the collection letter in question, and whether or not an ongoing relationship exists between the attorney and the collection agency represented. *Id.* at 504. *See also Stojanovski v. Strobl and Manoogian, P.C.*, 783 F.Supp. 319, 322 (E.D.Mich.1992) (stating that the volume of collection activities is dispositive to the determination of whether one regularly collects debts under FDCPA); *Mertes v. Devitt*, 734 F.Supp. 872, 874 (W.D.Wis.1990) (two collection matters per year amounting to less than one percent of the attorney's practice is not "regular" debt collection).

Based on the undisputed facts of this case, the court concludes that the defendant's debt collection efforts rise to the level of being "regular" activity. The defendant sent collection letters to approximately sixty people. This is clearly "more than a handful" of letters. His collection efforts spanned no less than a number of weeks. While debt collection activities are not the focus of the defendant's business, the extent of the defendant's debt collection efforts in this case are sufficient to require that the defendant comply with the FDCPA.

Accordingly, the court holds that undisputed facts establish that the defendant is a debt collector within the meaning of the FDCPA.

### 2. FDCPA Violations

The plaintiff contends that the undisputed facts establish that the defendant violated various provisions of the FDCPA. The defendant has failed to respond to the plaintiff's arguments.

Based on the record before the court, the court holds that the undisputed facts establish that the defendant has violated the FDCPA in the following ways. First, the defendant attempted to collect a $20 collection charge absent any legal basis for imposing such a charge in violation of 15 U.S.C. §§ 1692f(1)[2] and 1692e(2).[3] Second, the defendant failed to notify the plaintiff of her consumer rights as required under 15 U.S.C. §§ 1692g and 1692e(11).[4] Third, the defendant's unlicensed actions as a collection agency constituted an "unfair or unconscionable" method of debt collection in violation of 15 U.S.C. § 1692f. *See Gaetano v. Payco of Wis., Inc.*, 774 F.Supp. 1404, 1415 n. 8 (D.Conn.1990). Based on any one of these violations, the plaintiff is entitled to judgment on her claim under the FDCPA.

The plaintiff also contends that the defendant threatened to refer the collection matter to the police in violation of 15 U.S.C. §§ 1692e(4) and 1692e(5). To prevail on this claim, the plaintiff must show that the defendant did not intend to follow through on the threatened action. Because the plaintiff has presented no evidence of the defendant's in-

**2.** 15 U.S.C. § 1692f(1) provides that "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law" is a violation of the FDCPA.

**3.** Pursuant to 15 U.S.C. § 1692e(2)(B), it is a violation of the FDCPA to falsely represent any "compensation which may lawfully received by any debt collector for the collection of a debt."

**4.** 15 U.S.C. § 1692g(a)(4) requires that a debt collector shall send the consumer written notice containing the consumer's right to dispute the debt. 15 U.S.C. § 1692e(11) requires that the debt collector inform the consumer that any information obtained will be used for the purpose of attempting to collect a debt.

·tention, the plaintiff has failed to ·satisfy her burden of showing that she is entitled to prevail on this particular claim as a matter of law. Fed.R.Civ.P. 56.

Notwithstanding the fact that this particular violation has not been established, the plaintiff has satisfied her burden with respect to the other asserted violations as set forth above and is therefore entitled to partial judgment as to liability on her claim under the FDCPA. *See Clomon v. Jackson,* 988 F.2d 1314, 1318 (2d Cir.1993).

## B.  CUTPA

The plaintiff also moves for partial summary judgment on the second count of the complaint, wherein she claims that the defendant violated CUTPA based on his alleged violations of the Creditor's Collection Practices Act ("CCPA"), Conn.Gen.Stat. § 36a–645, *et seq.,* and the Consumer Collection Agency Act ("CCAA"), Conn.Gen.Stat. § 36a–800, *et seq.*[5] The defendant responds that he cannot be found to have violated either the CCPA or the CCAA because he is neither a creditor nor a collection agency. Absent a violation of either of these statutes, the defendant argues that the plaintiff is not entitled to summary judgment on her CUTPA claim. The court recommends that the plaintiff's motion be denied, not for the reasons argued by the defendant, but because the plaintiff has failed to make the requisite showing that she is "entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

CUTPA prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn.Gen.Stat. § 42–110b(a). To prevail on a claim under CUTPA, a plaintiff must demonstrate that she suffered "ascertainable loss of money or property, real or personal" as a result of the conduct prohibited by the Act. Conn.Gen.Stat. § 42–110g(a). *See also Hinchliffe v. American Motors Corp.,* 184 Conn. 607, 615, 440 A.2d 810 (1981) ("The ascertainable loss requirement is a threshold barrier which limits the class of persons who may bring a CUTPA action seeking either actual damages or equitable relief.").

■ In cases alleging a CUTPA violation arising out of unfair debt collection practices, courts in this district have required that the plaintiff demonstrate some loss, deprivation or injury in order to satisfy CUTPA's ascertainable loss requirement. *See, e.g., Young v. Citicorp Retail Servs., Inc.,* No. CIV 3:95CV1504 (AHN), 1997 WL 280508 (D.Conn. May 19, 1997) ("[a]lthough CUTPA's requirement that loss be 'ascertainable' does not require [plaintiff] to prove a specific amount of damages, she must nonetheless demonstrate some loss or 'deprivation, detriment and injury' as a result of her receipt of the [defendant's] letter") (Nevas, J.); *Maguire v. Citicorp Retail Servs., Inc.,* No. CIV 3:95CV2113 (AHN), 1997 WL 280540 (D.Conn. May 19, 1997) (CUTPA claim dismissed because plaintiff failed to prove she suffered ascertainable loss as a result of being sent collection letter) (Nevas, J.); *Krutchkoff v. Fleet Bank, N.A.,* 960 F.Supp. 541, 550 (D.Conn.1996) (plaintiff alleging unfair debt collection practices was precluded from recovering under CUTPA because he failed to establish that the defendant bank caused any ascertainable loss) (Squatrito, J.).

In this case, the plaintiff has not asserted any facts that would permit this court to conclude that she has sustained the ascertainable loss required for her to prevail on her CUTPA claim. As the party moving for summary judgment, the plaintiff bears the initial responsibility of establishing the grounds on which the motion may be granted. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Because ascertainable loss is an essential element of the plaintiff's case and the plaintiff has made no showing that she sustained any ascertainable loss, the court recommends that the plaintiff's motion for partial sum-

---

**5.**  District courts in Connecticut have held that there is no private right of action under the CCPA or the CCAA. *See Krutchkoff v. Fleet Bank, N.A.,* 960 F.Supp. 541, 548 (D.Conn.1996) (no private right of action under the CCPA); *Gaetano v. Payco of Wis. Inc.,* 774 F.Supp. 1404, 1414 (D.Conn.1990) (no private right of action under the CCAA). In this action, the plaintiff does not assert direct actions under these statutes, but alleges that the violations of these statutes provide the basis for her to recover under CUTPA.

mary judgment as to the CUTPA claim be denied.

### Conclusion

For the reasons set forth above, the court recommends that the plaintiff's motion for partial summary judgment (doc. # 32) be GRANTED as to Count One of the plaintiff's complaint and DENIED as to Count Two of the plaintiff's complaint.

Either party may seek the district judge's review of this recommendation. See 28 U.S.C. § 636(b) (written objections to ruling must be filed within ten days after service of same); Fed.R.Civ.P. 6(a), 6(e) 7 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; *Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.1992) (failure to file timely objection to Magistrate Judge's recommended ruling waives any further review of the ruling).