Raymond WOOLFOLK, et al.

v.

VAN RU CREDIT CORP.

Civ. No. N 88–268 (EBB).

United States District Court,
D. Connecticut.

Oct. 2, 1990.

Joanne S. Faulkner, New Haven, Conn.,
for plaintiffs.

James J. Carroll, Gillooly, McGrail, Carroll & Sheedy, New Haven, Conn., for defendant.

## RULING ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

ELLEN B. BURNS, Chief Judge.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the plaintiffs have moved for summary judgment as to liability, on the basis that there is no dispute as to the material facts which establish the defendant has violated the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692, *et seq.* ("FDCPA"). For the reasons set forth below, the plaintiffs' motion is granted.

## FACTUAL BACKGROUND

The defendant, Van Ru Credit Corporation, is a Connecticut corporation with a place of business in Chicago, Illinois. The defendant acts as a debt collector for the Connecticut Student Loan Foundation.[1] The plaintiffs are residents of Connecticut. The alleged violations of the FDCPA arise out of debt collection letters sent by the defendant to the plaintiffs or in care of the plaintiffs' attorney.

## DISCUSSION

■ Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). There is a genuine dispute over a material fact if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

■ The instant action is brought under the FDCPA which provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Because the FDCPA is a strict liability statute, proof of one violation is sufficient to support summary judgment for the plaintiff. *Cacace v. Lucas*, 775 F.Supp. 502 (D.Conn.1990); *Avala v. Dial Adjustment Bureau, Inc.*, Civil No. N–86–315 (EBB) (D.Conn. Dec. 4, 1986); *Riveria v. MAB Collections, Inc.*, 682 F.Supp. 174, 175–76 (W.D.N.Y.1988).

### *Application of the FDCPA to Defendant's Conduct*

The plaintiff alleges that the defendant violated the FDCPA in several respects: 1) the defendant failed to include the notice provision required by § 1692e(11); 2) the defendant obscured the validation notice; 3) the defendant threatened to sue when it did not intend to do so; 4) the defendant did not honor the dispute notice; and 5) the defendant misrepresented the effects of suit. The defendant does not respond to each allegation. Instead, 1) it admits that letters addressed to plaintiffs Smith and Butts did not contain the notice required by § 1692e(11); 2) the defendant contends that the assessment of damages may depend on whether the plaintiffs received the letters, as opposed to the plaintiffs' attorney; 3) the defendant contends that whether it ob-

---

1. Although the defendant has answered that it has no knowledge or proof that it is a debt collector within the meaning of the Fair Debt Collection Practices Act, Answer ¶ 1, the court does not believe that the defendant could seriously contend that it is not a debt collector covered by the Act. The court bases this determination both on the correspondence from the defendant attached as exhibits to the plaintiffs' statement of material facts and on the fact that the defendant has not opposed this summary judgment motion on the basis that it does not fall within the FDCPA. Furthermore, the defendant's letterhead includes the statement "THIS HAS BEEN SENT TO YOU BY A COLLECTION AGENCY". See Exhibits C, D, E to Plaintiffs' Statement of Material Facts. 15 U.S.C. § 1692a(6) defines a "debt collector" as:

   any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another....

scured the validation notice or the consumer's rights is a question of fact that may not be determined during summary judgment proceedings.

*Failure to Provide Requisite Notice*

■ As noted above, the defendant concedes that the letters to Smith and Butts did not disclose that they were attempts to collect a debt and that all information obtained as a result thereof would be used for that purpose. *See* Plaintiffs' Statement of Material Facts, Exhibits A and E. Such disclosure is required by § 1692e(11) of the FDCPA. The Court of Appeals for the Second Circuit has recently confirmed that the notice requirement is mandatory. *Pipiles v. Credit Bureau of Lockport*, 886 F.2d 22, 26 (2d Cir.1989); *see also Emanuel v. American Credit Exchange*, 870 F.2d 805, 808 (2d Cir.1989). The failure to include such a notice is a basis for the granting of summary judgment with respect to plaintiffs Smith and Butts in the instant case. *See Cacace, et al. v. Lucas*, 775 F.Supp. 502 (D.Conn.1990); *Raymond Woolfolk v. Albert G. Rubin* Civil No. N–88–266 (EBB) (D.Conn. Nov. 11, 1989).

*Obscuring the Validation Notice*

■ 15 U.S.C. § 1692g(a) requires that a debt collector send written notice that:

(4) ... if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

Once such written notice is received by a debt collector, "the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt...." 15 U.S.C. § 1692g(b). Communications from the debt collector to the consumer are to be judged by the "least sophisticated consumer" standard, *Swanson v. Southern Oregon Credit Service*, 869 F.2d 1222, 1225 (9th Cir.1988); *Jeter v. Credit Bureau,*

*Inc.*, 760 F.2d 1168 (11th Cir.1985), regardless of the sophistication of the consumer.

Plaintiffs Woolfolk and Butts claim that the initial collection letters sent to them obscured the 30–day dispute notice required by 15 U.S.C. § 1692g. Although the court does not find that the notice to "SEE REVERSE SIDE" was inadequate, the court does find that the notice obscured the fact that *written* communication was required before the collection agency would obtain verification of the debt and cease collection activity.

The notices on the reverse sides of Exhibits B and D provide for verification "if you notify this office in writing within 30 days from receiving this notice." The form does not contain a warning that the notice must be in writing. The requirement that the notice be in writing is not emphasized, merely appearing in the body of the notice on the reverse side. In contrast, the front of the form states in capital letters: "YOU MAY CALL OUR TOLL FREE NUMBER—1–800–621–6643". The invitation to telephone unaccompanied by any warning that the notice must be in writing to be effective obscures the dispute validation notice required by 15 U.S.C. § 1692g. *See Schmidt v. Citibank (South Dakota) N.A.*, 677 F.Supp. 687, 697 (D.Conn.1988). As the plaintiffs point out, this failure to notify the consumer that written notice is required "creates confusion for the consumer, and induces loss of validation rights." Plaintiffs' Memorandum, p. 7.

Because the forms used by the defendant induce consumers to overlook the need to put a dispute in writing to preserve their rights, summary judgment is granted with respect to plaintiffs Woolfolk and Butts.

*Threatening Litigation*

■ The plaintiffs assert that the defendant threatened litigation when it informed Butts that "WE DO NOT BELIEVE YOU WANT US TO TAKE FURTHER ACTION". Plaintiffs' Statement of Material Facts, Ex. E. The plaintiffs also assert that the form sent to Woolfolk, dated September 16, 1987, threatened litigation. Plaintiffs' Statement of Material Facts, Ex. C. The form is captioned "FINAL NO-

TICE OF RECOMMENDATION BEFORE SUIT", and warns that "[l]egal action will be recommended to the creditor ..."

The court cannot find, on this motion for summary judgment, that the statements quoted above constitute threats of litigation. The court cannot determine that the term "action" would be interpreted as "lawsuit" by an unsophisticated consumer, or even a sophisticated one. With respect to plaintiff Woolfolk, the notice clearly states that "legal action *will be recommended*" and, hence, is not a representation that the debt collector intends to or has the ability to litigate.

### Respecting the Dispute Notice

 Plaintiff Butts contends that the defendant did not stop all collection efforts upon receipt of her written notice. In the absence of written evidence of such collection efforts,[2] evidence as to the nature of the phone call from defendant to Butts' attorney, or the filing of a lawsuit against Butts, this court cannot find that the defendant did not stop collection efforts.

### Misrepresenting the Effects of Suit

■ Plaintiff Woolfolk contends that the defendant's list of consequences that might result if the creditor obtained a judgment were misleading and in violation of the FDCPA. The defendant has not opposed this assertion. Upon review, the court determines that the listing of possible creditor remedies was unduly threatening and deceptive, and grants summary judgment with respect to liability in favor of plaintiff Woolfolk.

## CONCLUSION

■ In order to determine the appropriate amount of damages, the court will conduct a hearing on Monday, November 19, 1990 at 9:00 a.m. At the hearing, the plaintiffs are expected to document the frequen-

cy and persistence of noncompliance by the debt collector and, defendant, the extent to which such noncompliance was unintentional.[3] 15 U.S.C. § 1692k(b)(1). *See, Pipiles v. Credit Bureau of Lockport, Inc.,* 886 F.2d 22 (2d Cir.1989).

For the reasons discussed above, the plaintiff's motion for summary judgment is granted with respect to liability.

SO ORDERED.

---

**2.** The court does not construe correspondence between the debt collector and its client as a collection effort.

**3.** With respect to damages, the court notes at this time that the award of statutory damages does not require the proof of actual damages. *Cacace, et al. v. Lucas,* 775 F.Supp. 502 (D.Conn.

1990); *Baker v. G.C. Services Corp.,* 677 F.2d 775, 780–81 (9th Cir.1982); *Traverso v. Sharinn,* Civil No. N–88–446 (WWE) (D.Conn. December 5, 1989); *Riveria v. MAB Collections, Inc.,* 682 F.Supp. 174, 177 (W.D.N.Y.1988); *Harvey v. United Adjusters,* 509 F.Supp. 1218, 1221–22 (D.Oregon 1981).