**Jeff MACARZ, Plaintiff,**

v.

**TRANSWORLD SYSTEMS, INC., Defendant.**

**Civ. No. 3:97cv2194 (JBA).**

United States District Court, D. Connecticut.

Sept. 21, 1998.

Joanne Faulkner, Law Offices of Joanne Faulkner, New Haven, CT, Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, Rick D. Young, Edelman & Combs, Chicago, IL, for Plaintiff.

Robert W. Allen, Tyler, Cooper & Alcorn, New Haven, CT, for Defendant.

*Ruling on Parties' Cross–Motions for Judgment [docs. # 13–1, # 13–2, # 15]*

ARTERTON, District Judge.

Plaintiff Jeff Macarz brings this proposed class action claiming that a debt-collection letter sent to him by the defendant Transworld Systems, Inc. is violative of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. He claims that the letter, a copy of which is attached to this ruling as an appendix, does not comply with 15 U.S.C. §§ 1692e and 1692g in that it fails to effectively convey the 30–day dispute right provided by § 1692g. The parties now cross-move for judgment on the pleadings.

## Legal Standard

Federal Rule of Civil Procedure 12(c) provides that:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, . . .

A motion for judgment on the pleadings under Rule 12(c) is judged by the same standards as motion made pursuant to Fed. R.Civ.P. 12(b)(6). *See Sheppard v. Beerman,* 94 F.3d 823, 827 (2d Cir.1996). In deciding a motion to dismiss, a court must construe in plaintiff's favor any well-pleaded factual allegations in the complaint. *Finnegan v. Campeau Corp.,* 915 F.2d 824, 826 (2d Cir.1990). A court may dismiss the complaint only where it appears beyond doubt that plaintiff can prove no set of facts in support of his or her claim which would entitle him or her to relief. *See Allen v. WestPoint–Pepperell, Inc.,* 945 F.2d 40, 44 (2d Cir.1991) (*citing Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

## Discussion

The Fair Debt Collection Practices Act states in relevant part that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt col-

lector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g.

■ "When determining whether § 1692g has been violated, an objective standard, measured by how the 'least sophisticated consumer' would interpret the notice received from the debt collector, is applied." *Russell v. Equifax A.R.S.,* 74 F.3d 30, 33 (2d Cir.1996). A notice violates § 1692g when it "contains language that 'overshadows or contradicts' other language informing a consumer of her rights." *Id.* at 34 (*citing Graziano v. Harrison,* 950 F.2d 107 (3d Cir.1991)). Moreover, a plaintiff need not show a "threatening contradiction" but merely that from the "perspective of the least sophisticated consumer, language contained in the notice overshadowed or contradicted the mandatory validation notice." *Id.* at 35. Overshadowing and contradiction occur whenever the least sophisticated consumer would be "uncertain as to her rights." *Id.* A "debtor cannot satisfy its requirements simply by timely stating the requisite language in its collection notice.... [T]he notice Congress required must be conveyed effectively to the debtor. It must be large enough to be easily read and sufficiently prominent to be noticed—even by the least sophisticated debtor." *Gaetano v. Payco of Wisconsin, Inc.,* 774 F.Supp. 1404, 1410 (D.Conn.1990).

■ The notice that the plaintiff received states in the main body, in approximately 12-point type:

COURTESY NOTICE—Our client has requested that we contact you regarding your overdue payment. We realize this could be an oversight on your part and not a willful disregard of an assumed obligation. If there is a legitimate misunderstanding concerning this debt, contact your creditor and discuss it.

Please make further collection procedures unnecessary by sending payment in full or making payment by Visa, Mastercard or Discover card.

BAREFOOT GRASS LAW SERVICE

ATTN CREDIT RATING DEPT

P.O. BOX 980

ROCKY HILL CT 06067

TEL. 860/594–4180

Below this main text, in a font size that can only be described as the proverbial "fine print," is the statutory validation notice, which reads:

Transworld Systems Inc. is a licensed collection agency and any information obtained from you will be used for the purpose of collecting this debt. All portions of this claim shall be assumed valid unless disputed within thirty days of receiving this notice. If disputed in writing, verification of the debt will be provided to you. If the original creditor is different from the above named creditor, the name and address of the original creditor will also be provided.

The plaintiff objects to two aspects of the defendant's notice. First, he argues that the sentence in the body of the letter, "If there is a legitimate misunderstanding concerning this debt, contact your creditor and discuss it," combined with the passive voice of the validation notice in smaller print misdirects the consumer to contact the creditor, rather than the debt collector. Secondly, the plaintiff argues that the exhortation in the body of the letter to "discuss" any dispute with the creditor misleads the consumer into believing that he or she can preserve his or her rights through oral rather than written communication.

In *Russell,* 74 F.3d 30, the Second Circuit found that a statement on the front of a notice that said, "[i]f you do not dispute this claim (see reverse side) and wish to pay it within the next 10 days we will not post this collection to your file" and "[i]t is our practice to post unpaid collections in the amount of $25 or more to individual credit records," overshadowed and contradicted the otherwise adequate validation notice contained on the

372

reverse side. The Second Circuit reasoned that the consumer was presented with two different and conflicting statements. "If she believed the message printed on the back of the notice, she would understand, as the Act intends her to, that she had 30 days to decide whether to contest the claim. But if she believed what was printed on the front of the notice, she would fear that unless she decided not to dispute the claim and to pay it within 10 days, the debt she owed would be 'posted' to her credit file." *Id.* at 34.

More recently, in *Madonna v. Academy Collection Service, Inc.,* 1997 WL 530101 (D.Conn.1997), the plaintiff received, among other communications from the defendant, a notice that stated, in part:

If you do not dispute this debt or any portion thereof, you are requested to remit the above stated balance in the enclosed envelope. If you can not (sic) remit the balance, contact us as soon as possible to discuss a repayment plan.

Failure to comply may result in our informing our client that you have refused to cooperate, they may choose to pursue legal action. (sic)

*Id.* at *1 (alterations in original). The plaintiffs argued that the "contact us as soon as possible" language overshadowed the 30–day validation period required by law. Judge Covello found, after a trial to the bench, that the above quoted section of the notice did not contradict or overshadow the § 1692g notice given elsewhere in the debt-collection letter. The letter advised the consumer three times of the 30–day period to dispute the debt, which appeared in the second paragraph of the letter, in the same type-face as the rest of the communication, and in the same font size. In addition, the court explained, the "contact us as soon as possible" language appeared in the context of discussing the possibility of a repayment plan, which the court found wholly unrelated to the 30–day period provided to the consumer.

In this case, the plaintiff takes issue with the direction to contact the creditor rather than the debt-collection agency. "The debt validation notice is designed to fulfill congressional intent to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" *Gaetano,* 774 F.Supp. at 1410 (*quoting* S.Rep. No. 382, 95th Cong.2d Sess. 4, *reprinted in* 1977 U.S.Code Cong. & Admin. News 1695, 1699). This statutory purpose will only be fulfilled if the notice is sufficiently clear for the least sophisticated consumer to understand 1) that she or he must put any dispute in writing, and 2) that such writing must be directed to the debt-collection agency. Although the notice in dispute contains the defendant's address at the top of the page, it is the creditor's contact information that appears in the body of the letter, and again in the tear-off payment coupon section at the bottom of the letter. Such prominence of the creditor's address, combined with the exhortation to "contact your creditor," and in the absence of an explicit instruction that the dispute must be sent to the debt-collector would create confusion in the average consumer, let alone the least sophisticated consumer, as to whom any dispute should be directed. The defendant points out that the information that "Transworld Systems Inc. is a licensed collection agency and any information obtained from you will be used for the purpose of collecting this debt" appears as the first sentence of the validation notice, which thus identifies the defendant as a debt-collector. However, the issue is not so much whether Transworld Systems is identified as the debt-collecting agency, but rather whether the notice makes it sufficiently clear that any dispute must be directed in writing to the debt-collection agency, as opposed to the creditor.

In its memorandum in opposition, the defendant points to the Seventh Circuit's Platonically ideal debt-collection letter in *Bartlett v. Heibl,* 128 F.3d 497, 501–02 (7th Cir. 1997), which simultaneously contains language both directing the consumer to contact the creditor, as well as instructs the consumer to write to the debt collector in the case of a dispute. The Court observes that Judge Posner included a significant caveat with his version of a proper debt-collection letter:

We commend this redaction as a safe harbor for debt collectors who want to avoid liability for the kind of suit that Bartlett

has brought and now won. The qualification "for the kind of suit that Bartlett has brought and now won" is important. We are not certifying our letter as proof against challenges based on other provisions of the statute ... not before us. *Id.* at 501. That warning notwithstanding, Judge Posner's form letter is nonetheless superior to the defendant's notice in this case in that his contains a specific directive that in order to exercise the validation rights, the consumer must contact the debt collector, not the creditor, in writing: "If you do dispute [the debt]—by notifying me in writing to that effect—I will, as required by law, obtain and mail to you proof of the debt." *Id.* at 502. Nowhere in this defendant's notice does it specifically direct the creditor whom to contact in order to exercise validation rights. Rather, Transworld's validation notice employs a striking use of the passive voice to avoid naming to whom any written dispute should be sent: "If disputed in writing, verification of the debt will be provided to you." Judge Posner's sample collection letter is additionally superior in that it contains the validation notice within the body of the text, not in a separate and inconspicuous paragraph.

Where language explaining such important rights is relegated to the very bottom of the page in a difficult to read and nondistinctive print, where it appears to look purposefully insignificant, combined with the directive to "contact your creditor" if there is a dispute is contained in the main text in larger, clearer font than the validation notice, the Court finds the defendant's notice to violate § 1692g. *Contrast Madonna,* 1997 WL 530101 (D.Conn.1997) (where validation notice appeared in main text, in same type and size as disputed language).

The plaintiff also asserts that the word "discuss" as used in the body of the letter contradicts the message in the fine print to put any dispute "in writing." "Because the FDCPA is a strict liability statute, proof of one violation is sufficient to support ... judgment for the plaintiff." *Woolfolk v. Van Ru Credit Corp.,* 783 F.Supp. 724, 725 (D.Conn.1990) (citations omitted). Although a single violation of the act is sufficient to sustain judgment, because the matter has been raised, the Court will consider it as an additional or alternative basis for liability.

In *Gaetano v. Payco of Wisconsin, Inc.,* 774 F.Supp. 1404, the plaintiff was sent a debt-collection notice with the appropriate debt validation language contained on the reverse side, but the front of the notice contained that directive "IF THERE IS A VALID REASON [YOU HAVE NOT PAID], PHONE U.S. AT (414) 784-6565 TODAY." *Id.* at 1411–12. Judge Daly found that this statement "fundamentally contradicts and detracts from the requirement that, to dispute the validity of the debt or any portion thereof, the consumer must do so in writing." *Id.* at 1412. A second notice mailed eight days after the first further confused the situation by again directing the plaintiff to call, without giving the validation notice again. *See id.* at 1412.

In *Woolfolk v. Van Ru Credit Corp.,* 783 F.Supp. 724, Judge Burns found that "the forms used by the defendants induce[d] consumers to overlook the need to put a dispute in writing to preserve their rights." *Id.* at 726. Van Ru Credit Corp. had sent the plaintiff a notice stating on the front "YOU MAY CALL OUR TOLL FREE NUMBER—1–800–621–6643." In contrast, the reverse side of the notice stated the requirement that the notice be in writing, but it was "not emphasized" and it "merely appear[ed] in the body of the notice." *Id.* "The invitation to telephone unaccompanied by any warning that the notice must be in writing to be effective obscures the dispute validation notice required by 15 U.S.C. § 1692g." *Id.*

The defendant urges that this case is closer to that of *Smith v. Transworld Systems, Inc.,* No. C–3–96–166 (S.D.Ohio Jul. 31, 1996), than the above cases. In *Smith,* the consumer challenged a letter that stated, among other things, "YOU MAY ELIMINATE THE POSSIBILITY OF ADDITIONAL COSTS AND MAKE FURTHER COMMUNICATION UNNECESSARY BY CONTACTING YOUR CREDITOR AT ONCE." Slip Op. at 8. The court found that the direction to contact the creditor "at once" did not overshadow the 30–day period of the validation notice, following the reasoning of

the Ninth Circuit in *Terran v. Kaplan,* 109 F.3d 1428 (9th Cir.1997), in which the circuit found it "particularly significant that the challenged language in this matter does not require *payment* 'immediately.' It merely requests a phone call. A demand for payment within less than the thirty-day time frame necessarily requires the debtor to forego the [validation right]." Id. at 1434 (emphasis original).

The *Smith* and *Terran* cases are distinguishable in several ways, foremost in that the dispute in those cases centered around the language concerning the time period in which consumers have to contest a debt, rather than the manner in which the debt is to be contested. Moreover, unlike *Smith* and *Terran,* the context in which the present notice instructed the consumer to "discuss" the debt was in the event that "there is a legitimate misunderstanding concerning the debt." This is precisely the situation in which a consumer must write to the debt collection agency, to avoid the Congressionally recognized "problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *Gaetano,* 774 F.Supp. at 1410 (*quoting* S.Rep. No. 382, 95th Cong.2d Sess. 4, *reprinted in* 1977 U.S.Code Cong. & Admin. News 1695, 1699). *Terran* is inapposite in another respect. There the correct validation notice appeared immediately after the disputed language in the body of the notice, in the same font and size; the validation notice in this case appears in tiny print, in a separate and unobtrusive section apart from the body of the text.

The defendant further attempts to distinguish cases in which debt-collection letters have been deemed a violation by noting that cases such as *Gaetano* and *Woolfolk* involved a specific instruction to "phone" or "call." *See also Miller v. Payco–General American Credits, Inc.,* 943 F.2d 482 (4th Cir.1991) (debt-collection letter instructing consumer to "PHONE U.S. TODAY" violative of § 1692g).

The common connotation of the word "discuss" implicates oral, rather than written, communication. While a more sophisticated consumer may understand that a "discussion" can take place through exchanged written communication, the least sophisticated consumer would likely find the admonition to "discuss," unaccompanied by a warning that such discussion must take place in writing, an invitation to call. Particularly where the warning of the written dispute requirement appears separately, and in distinctly smaller print, the Court finds that the language directing the consumer to "discuss" overshadows and contradicts this validation notice.

### Conclusion

For the foregoing reasons, defendant's motion for judgment on the pleadings [doc. # 13–1, # 13–2] is DENIED. Plaintiff's motion for judgment on the pleadings is GRANTED [doc. # 15].

**IT IS SO ORDERED.**

APPENDIX

THIS ~HA    N SENT TO YOU BY A COLLECTION AGENCY

TRANSWORLD SYSTEMS INC.   **ACCT NO.**   92788-000-0000014298
COLLECTION DIVISION       **CLIENT REF LAWN**
2189 SILAS DEANE HWY.,
STE 3
ROCKY HILL, CT  06067            **AMOUNT DUE**        §293.84

# TRANSMITTAL

    ---     JEFF MACARZ                                4/15/97
            48 FOX HILL DR
            CLINTON  CT  06413

    COURTESY NOTICE - - Our client has requested

that we contact you regarding your overdue payment.

We realize this could be an oversight on your part

and not a willful disregard of an assumed obligation.

If there is a legitimate misunderstanding concerning

this debt, contact your creditor and discuss it.

    Please make further collection procedures

unnecessary by sending payment in full or making

payment by Visa, Mastercard or Discover card.

        BAREFOOT GRASS LAWN SERVICE       TEL. 860/594-4180
        ATTN CREDIT RATING DEPT
        P O BOX 980
        ROCKY HILL        CT 06067

Transworld Systems Inc. is a licensed collection agency and any information obtained from you will be used for the purpose of collecting this debt. All portions of this claim shall be assumed valid unless disputed within thirty days of receiving this notice. If disputed in writing, verification of the debt will be provided to you. If the original creditor is different from the above named creditor, the name and address of the original creditor will also be provided.

## DETACH AND RETURN WITH PAYMENT

    MAKE CHECK OR MONEY ORDER PAYABLE TO
        BAREFOOT GRASS LAWN SERVICE

                                        1        §293.84

    BAREFOOT GRASS LAWN SERVICE
    ATTN CREDIT RATING DEPT
    P O BOX 980                    JEFF MACARZ
    ROCKY HILL        CT 06067       92788 0000014298

    9278A 0000014298 LAWN.              000393AM