**Jacob SHAPIRO, on behalf of himself and all others similarly situated, Plaintiff(s),**

**v.**

**DUN & BRADSTREET RECEIVABLE MANAGEMENT SERVICES, INC., Defendant(s).**

No. 02 CIV. 1231(JES).

United States District Court, S.D. New York.

July 15, 2002.

Katz & Kleinman, Uniondale, NY (Lawrence Katz, Of Counsel), for Plaintiff.

Pitney Hardin Kipp & Szuch LLP, New York City (Lisa Martinez Wolmart, Of Counsel), for Defendant.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Plaintiff Jacob Shapiro brings the above-captioned action on behalf of himself and others similarly situated, alleging a violation of the Fair Debt Collections Practices Act ("FDCPA"). Plaintiff claims that a debt collection letter sent by defendant Dun & Bradstreet Receivable Management Services, Inc. ("RMS") violated the FDCPA because it was so confusing as to "overshadow or contradict" RMS's statutorily-mandated debt validation notice advising plaintiff of his legal rights. Defendant moves to dismiss plaintiff's claim pursuant to Fed.R.Civ.P. 12(b)(6) and plaintiff cross-moves for partial summary judgment pursuant to Fed.R.Civ.P. 56(a). For the reasons set forth below, the Court grants defendant's motion and denies plaintiff's cross motion.

## BACKGROUND

The following facts are uncontested. On or about February 8, 2002, RMS sent a notice to plaintiff in connection with a debt owed to ECONnergy Energy Company, Inc. ("the creditor"). *See* Plaintiff's Memorandum of Law in Support of Cross Motion on Pleadings dated May 6, 2002, Exhibit A, Debt Collection Letter to Plaintiff dated February 2, 2002 ("the Letter"). The front side of the Letter advised plaintiff that the debt was past due, and further advised plaintiff:

At this time[the creditor] ha[s] have requested assistance from [RMS] in collecting this debt. We ask that you send your check directly to [the creditor] for the amount owed. If you have already remitted payment, thank you, and you can disregard this letter.

\* \* \* \* \* \*

If there are any questions regarding this account, or if you wish to make payment arrangements, please contact [the creditor] directly at [telephone # ]. Should you wish to dispute this account, please refer to the notice on the reverse side of this letter.

Letter at ¶¶ 2,4.

At the bottom of the page and in large bold letters, RMS advised plaintiff: "NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION." On the reverse side, and in similar oversized lettering, appeared the following language: "IMPORTANT NOTICE OF YOUR RIGHTS UNDER FEDERAL LAW." The notice stated:

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume that this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment, if any, and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Letter at side 2.

Plaintiff contends that the above-quoted language on the front side of the Letter

misled him regarding how to preserve his rights under the FDCPA. Defendant denies this contention and argues that the language in the Letter does not violate the FDCPA as a matter of law.

## DISCUSSION

In deciding a Rule 12(b)(6) motion to dismiss, a court must construe in plaintiff's favor any well-pleaded factual allegations of the complaint. *See Finnegan v. Campeau Corp.*, 915 F.2d 824, 826 (2d Cir. 1990). A court may dismiss the complaint only where it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Allen v. WestPoint-Pepperell, Inc.* 945 F.2d 40, 44 (2nd Cir.1991) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692. In the instant case, plaintiff seeks damages and declaratory and injunctive relief arising out of defendant's alleged violation of 15 U.S.C. §§ 1692g, 1692e.

Section 1692g requires that a debt collection letter contain a "validation notice" which must inform the consumer how to obtain verification of the debt within thirty (30) days from receiving the letter. 15 U.S.C. §§ 1692g(a)(3), (a)(4). Section 1692e of the FDCPA prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

In determining whether the FDCPA has been violated, the United States Court of Appeals for the Second Circuit ("the Second Circuit") uses an objective standard based on how the "least sophisticated consumer" would interpret the debt collection letter. *Russell v. Equifax, A.R.S.*, 74 F.3d 30, 34 (2d Cir.1996); *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir.1993). Under this standard, the mere inclusion of the required statutory debt validation language does not ensure compliance with the FDCPA. *Russell*, 74 F.3d at 35. This is especially so where the letter includes "language that overshadows or contradicts other language informing the consumer of her rights." *Id.* at 34 (internal quotations omitted). Thus, to determine whether a defendant violated the FDCPA, the Court must establish whether the challenged language fails to convey the required information "clearly and effectively and thereby makes the least sophisticated consumer uncertain" as to its meaning. *Savino v. Computer Credit Inc.*, 164 F.3d 81, 85 (2d Cir.1998).

Plaintiff alleges violations of the FDCPA arising out of two (2) sentences in RMS's debt-collection letter. According to plaintiff, the language in these sentences "overshadows and contradicts" the validation notice on the reverse side of the Letter, thereby confusing the "least sophisticated consumer" into waiving his statutory rights under the FDCPA. Both of these assertions must be rejected as a matter of law.

■ Plaintiff first contends that RMS's instruction to contact the creditor directly with "any questions regarding this account, or . . . to make payment arrangements" suggests that the consumer can preserve his protections under the FDCPA simply by contacting the creditor. *See* Plaintiff's Complaint dated February 12, 2002 at ¶ 19. Plaintiff thus contends that RMS's debt collection letter "overshadows and contradicts" the validation notice which makes clear that plaintiff can only preserve these rights by contacting RMS. However, unlike debt collection letters that

"can be reasonably read to have two (2) or more different meanings," or that leave consumers uncertain as to their rights, *see Russell*, 74 F.3d at 35; *Savino*, 164 F.3d at 86, RMS's instruction to contact the creditor with questions regarding the account does not leave the consumer uncertain. In *Russell*, the letter stated that "[i]f you do not dispute this claim (see reverse side) and wish to pay it within the next 10 days we will not post this collection to your file," while at the same time stressing that "it is our practice to post unpaid collections in the amount of $25 or more to individual credit records." *Russell*, 74 F.3d at 32. There was thus a veiled implication that plaintiff's credit record might be adversely affected should he not pay the debt.

Moreover, unlike the letter in *Savino*, the notice at issue here never demands payment within a certain time. In *Savino*, the Second Circuit held that any demand for payment, "without also explaining that its demand did not override the consumer's rights under Section 1962g," *Savino*, 164 F.3d at 86, effectively contradicts the validation notice and therefore violates the FDCPA. In the instant case, RMS simply advises plaintiff that he can either contact the creditor for payment arrangements or refer to the validation notice should he wish to dispute the debt. Thus there is no suggestion as to which course the plaintiff should follow nor even a demand for immediate payment.

For the same reason, *Spira v. Consiglio, Parisi and Allen, Inc*, 99 Civ. 870 (E.D.N.Y. Jan. 3, 2001) (ARR), a case plaintiff relies on heavily in support of his motion, is factually inapposite. In that case, plaintiff received a letter informing him that "[y]ou may telephone us to discuss this, however we *suggest* you contact Brooklyn Union directly." *Spira*, 99 Civ. 870, at 2 (emphasis added); *see also Macarz v. Transworld Systems, Inc.*, 26 F.Supp.2d 368, 371 (D.Conn.1998) (debtor plaintiff received a letter stating that "if there is a legitimate misunderstanding concerning this debt, contact your creditor and discuss it" and letter had a validation notice written in the passive voice and typed in smaller print at the bottom of the letter). In both *Spira* and *Macarz* the courts held that the language of the letters encouraged the debtor to contact the creditor and thus could have misled the consumer into believing that he could trigger his FDCPA rights by contacting the creditor only.

No such suggestion exists here. The language here makes clear that "[i]f there are any questions regarding this account," plaintiff may contact the creditor, but that if he wanted to dispute the account, he should "refer to the notice on the reverse side of [the] letter." Letter at ¶ 4. The letter even uses bold-face, capital lettering to inform the reader of his "RIGHTS UNDER FEDERAL LAW." This case is therefore almost identical to *Renick v. Dun & Bradstreet Receivable Management Services*, 290 F.3d 1055 (9th Cir. 2002), where RMS was a party defendant. In that case the court held that a letter advising plaintiff to contact the creditor only with questions pertaining to the phone account would not confuse the least sophisticated consumer into believing that he should contact the creditor to validate the debt. *See Renick*, 290 F.3d at 1057.

This Court similarly concludes that RMS's letter unambiguously instructs plaintiff: (1) to contact the creditor only with questions about his account or to make payment arrangements; and (2) to contact RMS if he disputed the debt and wanted the debt to be verified. *See* Letter at ¶ 4, Reverse Side. Accordingly, defendant's letter does not create the actionable confusion which plaintiff alleges since not even the "least sophisticated consumer" could misconstrue its language in a way

**334**

that would indicate that he should contact the creditor rather than RMS to validate the debt.

 Plaintiff also contends that RMS's instruction to disregard the collection letter if payment has already been remitted suggests to the consumer that he need not contact the debt collector to validate the debt. This interpretation of the Letter does not satisfy even the "least sophisticated consumer" standard, especially since there is language in the Letter which informs plaintiff of the appropriate course of action should he wish to dispute the account, advises him to "SEE [the Letter's] REVERSE SIDE FOR IMPORTANT INFORMATION," and fully recites the debt validation requirements in § 1692g. The "least sophisticated consumer" standard still "admits an objective element of reasonableness," which "protects debt collectors from liability for unrealistic or peculiar interpretations of collection letters." *Vasquez v. Gertler & Gertler, Ltd.,* 987 F.Supp. 652, 655 (N.D.Ill.1997) (citing *Jang v. A.M. Miller & Associates,* 122 F.3d 480, 483–84 (7th Cir.1997)). Here, the Court finds that a reasonable—albeit unsophisticated—consumer would understand that there is no need to dispute a debt that has already been paid. Therefore, defendant's instruction to disregard the Letter if payment has been made does not violate the FDCPA. Hence, plaintiff's claims under § 1692g are dismissed.

Finally, plaintiff alleges FDCPA violations under § 1692e. Plaintiff's assertions for this count rest wholly on the same allegedly overshadowing and contradictory language that he claims violates § 1692g. Absent any other basis for "deception" or "false representation," the Court dismisses the 1692e claims for the same reasons set forth above in connection with plaintiff's other claims.

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss is granted and plaintiff's cross motion for summary judgment is denied. The Clerk of the Court is hereby directed to enter a judgment in favor of the defendant and against plaintiff pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and to close the above-captioned action.

**It is SO ORDERED.**