**Esther C. LERNER, on behalf of herself and all others similarly situated, Plaintiff,**

v.

**Ronald FORSTER and Mark A. Garbus, d/b/a Forster & Garbus and First Select, Inc., a subsidiary of Providian Financial Corporation, Defendant(s).**

**No. 02CV1649TCPWDW.**

United States District Court, E.D. New York.

Jan. 22, 2003.

234

Abraham Kleinman, Katz & Kleinman, Uniondale, NY, for Esther C. Lerner, Plaintiff.

Marian C. Rice, L'Abbate Balkan Colavita & Contini, Garden City, NY, for Ronald Forster, Mark A. Garbus, First Select, Inc., Defendants.

Gary Caplan, Sachnoff & Weaver, Ltd., Chicago, IL, for First Select, Inc., Defendant.

## MEMORANDUM AND ORDER

PLATT, District Judge.

Defendants Ronald Forster and Mark Garbus, d/b/a Forster & Garbus ("F & G"), and First Select, Inc. ("FSI") (collectively "Defendants") jointly move to dismiss the Complaint of Esther Lerner ("Lerner" or "Plaintiff"), in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6).

For the reasons discussed *infra*, Defendants' motion is hereby GRANTED and Plaintiff's Complaint is dismissed in full.

### *BACKGROUND*

Plaintiff brings this action on behalf of herself, and all others similarly situated, for damages and declaratory and injunctive relief arising from Defendants' alleged violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collections Practices Act ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

Plaintiff is a resident of the State of New York. Defendant F & G is a law firm engaged in the business of collecting debts with its principal place of business in Farmingdale, New York. Defendant FSI is a Delaware corporation and a subsidiary of Providian Financial Corporation. FSI, a creditor and the owner of Plaintiff's obligation, is located in Pleasanton, California.

On or about December 20, 2001, Plaintiff received a debt collection notice ("the Letter") from F & G at her home address.

(Compl., Ex. A.) The Letter advised Plaintiff of her options should she wish to resolve her $9,363.52 debt and outlined the steps she should take if she wished to dispute the debt.

The Letter contained four (4) separate paragraphs. The first paragraph introduced F & G as attorneys engaged by FSI to make a demand for payment of Plaintiff's debt.

Plaintiff's Complaint is based in part on the language in the second paragraph of the Letter, which stated:

If you want to **resolve** this matter you may take one of the following actions: You may either pay the balance in full or contact my client at 1–800–280–0559 and work out an arrangement for payment that is acceptable to my client. Not withstanding partial payments made directly to our client, your entire balance is due in full. Acceptance of partial payments made directly to our client in no way nullifies their contractual right to demand the entire balance once the account is in default.

(Compl., Ex. A) (emphasis added).

The third paragraph of the Letter provided the required notice pursuant to § 1692g should the debtor wish to dispute the debt:

Federal law gives you 30 days after you receive this letter to *dispute* the validity of this debt or any part of it. If you do not dispute the validity of the debt, or any part of it, within that period, we will assume that the debt is valid. If you do dispute it, by mailing us a written notice to that effect on or before the 30th day following the date you receive this letter, we will obtain and mail to you verification of the debt. If, within the same period, you request in writing the name and address of the original creditor (if different from the current creditor), [we] will furnish you with that information

too. All efforts to collect this debt will be suspended until we mail any required information to you.

(Compl., Ex. A) (emphasis added).

The fourth paragraph of the Letter stated that the correspondence was from a debt collector and any information obtained would be used only for the purposes of collecting the debt.

All four (4) paragraphs of the Letter were printed on one side of the page, in the same font, size, and color typeface. The Letter did not request payment in less than 30 days, nor did it seek immediate payment or threaten Plaintiff with legal or other adverse action.

In her Complaint, Plaintiff claims that Defendants have misled her, and those consumers similarly situated, by directing her to contact FSI, "an entity, when contacted by any medium, neither triggers nor preserves the significant consumer protections afforded her which are preserved by the consumer directing her dispute to [F & G] as provided by 15 U.S.C. § 1692g(b)." (Compl. ¶ 18.) Plaintiff alleges the Letter directs consumers to either (a) pay the debt in full during the thirty-day validation period; or (b) affirmatively contact FSI. Plaintiff further contends that the language contained in the Letter not only "overshadows" 15 U.S.C. § 1692g, but also violates § 1692g(a)(4), as it limits, restricts, and narrows the consumer's options to either payment or direct contact with FSI.

## DISCUSSION

### A. Standard of Review

The Federal Rules permit both partial and complete dismissal for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). When considering a motion to dismiss a complaint for failure to state a claim, courts must assume as true all allegations contained in the complaint. *Chance v. Armstrong*, 143 F.3d 698, 701

(2d Cir.1998). Furthermore, factual allegations in the complaint must be construed in a light most favorable to the plaintiff. *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir.2000); *Lee v. Bankers Trust*, 166 F.3d 540, 543 (2d Cir.1999). In Rule 12(b)(6) motions, courts assess only the legal feasibility of the complaint and whether plaintiffs have pled claims on which they are entitled to discovery. *Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir.2000); *Chance*, 143 F.3d at 701. Courts do not consider whether plaintiffs are ultimately likely to prevail at trial. *Sims*, 230 F.3d at 20; *Chance*, 143 F.3d at 701. Accordingly, a court shall not dismiss a complaint pursuant to Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Courts may not consider matters outside the pleadings on 12(b)(6) motions. *Leonard F. v. Israel Disc. Bank*, 199 F.3d 99, 107 (2d Cir.1999). However, courts may consider documents alleged or referenced in the complaint. *Cortec Indus., Inc. v. Sum Holding, L.P.*, 949 F.2d 42, 47 (2d Cir.1991); Fed.R.Civ.P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.") In this case, Plaintiff attached the Letter as Exhibit A to her Complaint. The Letter may therefore by considered by this Court with regards to Defendants' motion.

### B. The FDCPA

Congress enacted the FDCPA in 1977 "to eliminate abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). The FDCPA requires all

debt collection letters to include a "validation notice," which includes "the amount of the debt, the name of the creditor, a statement that the debt's validity will be assumed unless disputed by the consumer within 30 days, and an offer to verify the debt and provide the name and address of the original creditor, if the consumer so requests." *Russell v. Equifax*, 74 F.3d 30, 34 (2d Cir.1996) (citing 15 U.S.C. § 1692g(a)); *see also Bleich v. Revenue Maximization Group*, 233 F.Supp.2d 496 (E.D.N.Y.2002). Further, § 1692e prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

■ The prevailing standard used by courts to determine whether a defendant has violated the FDCPA is well-established: the standard is objective and is based on how the "least sophisticated consumer" would interpret language contained in the debt collection letter itself. *Russell*, 74 F.3d at 34; *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir.1993); *Shapiro v. Dun & Bradstreet Receivable Mgmt. Services, Inc.*, 209 F.Supp.2d 330, 332 (S.D.N.Y.2002)[hereinafter *Shapiro v. D & B* ]; *McStay v. I.C. System, Inc.*, 174 F.Supp.2d 42, 45 (S.D.N.Y.2001).

■ The main question this Court must consider is whether the language in the second paragraph of the Letter "overshadowed" or "contradicted" the language in the third paragraph. This Court finds that it did not. Plaintiff alleges that the Letter's request to call the creditor to work out a resolution of the debt—contained in paragraph 2—might confuse a consumer as to his or her rights to dispute the debt pursuant § 1692g(a)(4). The FDCPA requires the notice of debt to state that in order to dispute the debt, the consumer must send to the debt collector written notification of his or her intention to dispute the debt within thirty (30) days of receipt of the notice. 15 U.S.C. § 1692g(a)(4). This statutorily required language is contained in paragraph 3 of the Letter. Plaintiff argues that in the instant case, the language in paragraph 2 requesting the consumer to call the creditor in order to resolve the debt is confusing and contradictory to language in paragraph 3 directing the consumer to dispute the debt in writing within 30 days.

■ Whether a certain debt collection letter violates § 1692 requires a fact specific analysis. Both parties cite numerous opinions and attempt to analogize or distinguish the facts in those cases to the action at bar. However, the case law is clear that a validation notice contained in a collection letter is not overshadowed simply because another section of the letter discusses alternative repayment plans. *See Russell*, 74 F.3d at 35; *Savino v. Computer Credit Inc.*, 164 F.3d 81, 86 (2d Cir.1998); *Shapiro v. Riddle & Assoc.*, 240 F.Supp.2d 287, 290–91 (S.D.N.Y.2003) [hereinafter *Shapiro v. R & A* ]; *Shapiro v. D & B*, 209 F.Supp.2d. at 332–33.

A recent decision by Judge Sprizzo in the Southern District of New York sheds light on how courts may determine whether FDCPA-required validation notices are overshadowed or contradicted by other language contained in debt collection letters. *Shapiro v. D & B*, 209 F.Supp.2d 330. In Shapiro v. D & B, the plaintiff received notice from a debt collector regarding a debt owed to the creditor. *Id.* at 331. The front side of the collection letter contained various provisions including, *inter alia:* a notice to plaintiff that the debt was past due; an introduction of the debt collector; an option for the plaintiff to send a check directly to creditor for the amount due or contact the creditor directly at a given telephone number. *Id.* The

bottom of the letter contained the words "NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION." *Id.* The reverse side informed the plaintiff of his right to dispute the debt within 30 days of receipt of the letter.[1] The plaintiff in *Shapiro v. D & B* claimed that the language on the front side of the letter misled him regarding how to preserve his rights pursuant to the FDCPA. *Id.* at 331–32.

The District Court in *Shapiro v. D & B* rejected the plaintiff's arguments and granted the defendant's 12(b)(6) motion to dismiss. *Id.* at 331. Judge Sprizzo found that the language contained in a debt collection letter "overshadows and contradicts" the validation notice only when the language can be read to have more than one meaning, thereby leaving consumers unsure of their rights. *Id.* at 332–33 (citing *Russell,* 74 F.3d at 35; *Savino,* 164 F.3d at 86). The Court concluded that the debt collector's letter:

> unambiguously instructs plaintiff: (1) to contact the creditor only with question about his account or to make payment arrangements; and (2) to contact [the debt collector] if he disputed the debt and wanted the debt to be verified. (Citation omitted.) Accordingly, defendant's letter does not create the actionable confusion which plaintiff alleges since not even the 'least sophisticated consumer' could misconstrue its language in a way that would indicate that he should contact the creditor rather than [the debt collector] to validate the debt.

*Id.* at 333–34.

■ *Shapiro v. D & B* is analogous to the case at hand. Defendants claim, correctly, that the language in paragraph 2 of the Letter does not overshadow the vali-

dation notice contained in paragraph 3. Paragraph 2 instructs Plaintiff to call the creditor or send a partial payment in order to *resolve* her debt. Conversely, paragraph 3, in accordance with the FDCPA, indicates that if Plaintiff wishes to *dispute* her debt, she must do so within 30 days by mailing a written notice to the debt collector, F & G. Therefore, the language in paragraph 3 of the Letter is distinct and non-contrary to the language in paragraph 2. Furthermore, in *Shapiro v. D & B,* Judge Sprizzo found that the language contained in the debt collection letter did not overshadow the FDCPA-mandated validation notice, even though the FDCPA language was located on the reverse side of the letter. In the instant case, the validation notice was located on the front of the Letter, directly below the information directing consumers how to resolve their debt by contacting the creditor. Thus, there is even less chance of the validation notice being overshadowed in the instant case than in Shapiro v. D & B.

This distinction between resolving and disputing debt is discussed at length in the case law. It does not follow that simply because a collection letter instructs a consumer to contact a debt collector that the validation notice is necessarily overshadowed or contradicted. For example, in *Madonna v. Acad. Collection Serv., Inc.,* 1997 WL 530101, at *4 (D.Conn. Aug. 12, 1997), the plaintiff asserted that a collection letter overshadowed the validation notice because it requested that the debtor "contact" the debt collector if the debtor wished to discuss a repayment plan. The Court held that the letter did not overshadow the validation notice because the suggestion to contact the debt collector was in the context of repayment and not for the

---

1. As discussed *supra,* debtors are afforded this right under § 1692g(a)(4) of the FDCPA. The language located on the reverse side of the letter in *Shapiro v. D & B* outlining the debt-

or's rights under § 1692 is virtually identical to the language contained in the third paragraph of the Letter in the case at bar.

purposes of disputing the debt. *Id.* ("[T]he statement 'contact us as soon as possible' appears in the context of discussing the possibility of a repayment plan. This request is wholly unrelated to the 30–day period provided to the consumer in order to dispute the debt."). The *Madonna* Court relied on an applicable Ninth Circuit decision. *Id.* at *5 (citing *Terran v. Kaplan,* 109 F.3d 1428, 1434 (9th Cir. 1997)). *Terran* held that even a request for "an immediate telephone call" did not violate § 1692g, but rather "encourages the debtor to communicate with the debt collection agency. It does not threaten or encourage the least sophisticated debtor to waive his statutory right to challenge the validity of his debt." *Terran,* 109 F.3d at 1434.

In another very recent case from the Southern District of New York, the Court found that the collection letter's references to possible litigation did not overshadow or contradict the required debt validation language. *Shapiro v. R & A,* 240 F.Supp.2d at 290–91. The Court found that "the letter, unlike that in *Savino,* made it entirely clear that the right to seek validation of the debt would trump the commencement or continuation of a lawsuit until such time as the debt collector complied with the statute." *Id.* The language contained in the letter at issue in *Shapiro v. R & A* is virtually identical to the Letter in the instant case. *Id.* However, the *Shapiro v. R & A* letter contained additional statements regarding the creditor's right to bring an action against the debtor before the end of the 30–day period mandated by § 1692g, unless the debtor requested verification of the debt. *Id.* Even with this additional language regarding possible litigation against the debtor, the Court in *Shapiro v. R & A* found that the validation notice was not overshadowed, and the "least sophisticated consumer" would not have been uncertain as to his or her rights. *Id.* In the

instant case, not only does the Letter not contain allegedly confusing language regarding litigation, it explicitly includes the following statement: "All efforts to collect this debt will be suspended until we mail any required information to you." (Compl., Ex. A.) Therefore, Plaintiff's claim that language in the Letter overshadows the validation notice is unpersuasive.

The Second Circuit has held that an immediate demand for payment effectively contradicts a validation notice if it fails to explain "that its demand [does] not override the consumer's rights under Section 1962g." *Savino,* 164 F.3d at 86. However, unlike the letter in *Savino,* the Letter at issue here does not demand payment within a certain amount of time. Furthermore, the Letter in the instant case simply advises Plaintiff that she has the option to either contact the creditor for payment arrangements or, if she wants to dispute the debt, Plaintiff may refer to the validation notice. "Thus there is no suggestion as to which course the plaintiff should follow nor even a demand for immediate payment." *Shapiro v. D & B,* 209 F.Supp.2d at 333.

The Letter at issue here closely mirrors a model letter drafted by the Seventh Circuit and intended to be a safe harbor for debt collectors to avoid liability under the FDCPA. *Bartlett v. Heibl,* 128 F.3d 497, 501–02 (7th Cir.1997). The language contained in the second paragraph of the *Bartlett* letter is notably similar to that in the second paragraph of the Letter in this case. The Second paragraph of the *Bartlett* letter states, in relevant part:

> If you want to resolve this matter without a lawsuit, you must, within one week of the date of the letter, either pay Micard $316 against the balance that you owe (unless you've paid it since your last statement) or call Micard at 1–800–221–5920 ext. 6130 and work out ar-

rangements for payment with it. If you do neither of these things, I will be entitled to file a lawsuit against you, for the collection of this debt, when the week is over.

*Id.* at 501. In addition, the third paragraph of the Letter, which outlines the validation notice required pursuant to § 1692g, is virtually identical to the third paragraph of the *Bartlett* letter, word for word.[2]

In comparing the language of these letters, it is clear that the Letter sent by F & G to Plaintiff does not violate § 1692g, and the provisions afforded Plaintiff under the FDCPA are not overshadowed in any way by other text in the Letter. In fact, the language in the Letter is less threatening than that contained in the *Bartlett* letter, because it does not set a time limit for the consumer to resolve the debt, nor does it discuss the right of the creditor to institute a lawsuit against the debtor.

The cases cited by Plaintiff in support of her position contain materially different facts than the case at bar. Plaintiff cites cases where the collection letter: (1) failed to advise the debtor of her statutory right to seek validation of the debt in writing (*Spira v. Consiglio, Parisi & Allen, Inc.,* No. 99 Civ. 870 (E.D.N.Y. Jan. 3, 2001)); (2) threatened imminent action unless the debtor responded immediately (*Savino,* 164 F.3d at 85–86 (holding a demand for immediate payment on the front of a collection letter overshadowed the validation notice on the back of the letter)); (3) used boldface type, different font or different colors to urge the debtor to call the credi-

tor directly rather than submit a written inquiry regarding validation of the debt (*Gaetano v. Payco of Wisconsin, Inc.,* 774 F.Supp. 1404, 1410 (D.Conn.1990)); *Woolfolk v. Van Ru Credit Corp.,* 783 F.Supp. 724, 726 (D.Conn.1990); *Miller v. Payco-Gen. Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir.1991)). None of those exacerbating factor appear in the Letter at issue in the present case.

Furthermore, Plaintiff's reliance on *Spira,* a case designated "Not for Publication," is misplaced. *Acosta v. Artuz,* 221 F.3d 117, 123 (2d Cir.2000). Even if Plaintiff could rely on *Spira,* the facts are distinguishable from those in the case at hand. In *Spira,* the Court found a debt collection letter violated the FDCPA because the letter "encouraged" the consumer to contact the creditor directly. *Spira,* No. 99–870, slip op. at 6. However, the letter in *Spira* failed to notify the consumer that he must dispute and obtain verification of a debt *in writing. Id.* at 7–8. The Letter in this case specifically contains that information. Further, the text of the Letter at bar does not suggest that the consumer take any particular action, as the *Spira* letter did. *Shapiro v. D & B,* 209 F.Supp.2d at 333 (citing *Spira,* No. 99–870, slip op. at 2).

The Letter in this case closely mirrors the language contained in various collection letters where courts have found no FDCPA violation. *E.g., Shapiro v. D & B,* 209 F.Supp.2d at 332–33 (finding debt validation language located on the back of the collection notice was not overshadowed by

---

**2.** The *Bartlett* letter notified the debtor that if she disputes the debt, the debt collector will suspend all efforts to collect the debt "through litigation or otherwise". Plaintiff argues that the Letter at issue here purposefully omits this language. However, as Defendants point out, Plaintiff never asserts in her Complaint that the validation notice in the Letter is inadequate on its face; she only

claims that the notice was overshadowed by the proceeding paragraph. Furthermore, as discussed above, the third paragraph of the Letter does state that "[a]ll efforts to collect this debt will be suspended until we mail any required information to you." (Compl., Ex. A.) Therefore, the Letter's omission of the phrase "through litigation or otherwise" is inconsequential.

information instructing consumer how to resolve the debt); *Shapiro v. R & A,* 240 F.Supp.2d at 290–91 (holding that the collection letter's references to litigation did not overshadow or contradict its debt validation language); *Bartlett,* 128 F.3d at 501–02 (where the Seventh Circuit drafted a model letter including specific language that did not overshadow the FDCPA validation notice). Furthermore, although Plaintiff cites cases where courts have held that certain debt collection letters violate the FDCPA, the letters in those cases are factually distinct from the Letter in the case at bar. Thus, Plaintiff has failed to state a claim on this ground, and her Complaint should be dismissed pursuant to Rule 12(b)(6).

## C. FSI is not vicariously liable.

Plaintiff asserts that, although the Letter was sent by F & G, FSI is vicariously liable for the Letter because FSI and F & G "agreed among themselves ...[to] design, compile and furnish a form bearing the letterhead FORSTER & GARBUS, A NEW YORK LAW FIRM, by editing, amending and designing the standard law firm debt collection notice to violate the [FDCPA]." (Compl.¶ 28). However, given that Plaintiff has failed to state a claim pursuant to the FDCPA, the assertion that FSI is vicariously liable cannot stand.

## D. Plaintiff improperly raises other claims in her Memorandum of Law in Opposition to Defendants' Motion to Dismiss.

■ As Defendants note, Plaintiff improperly raises several theories *de novo* in her Memorandum of Law in Opposition to Defendants' 12(b)(6) motion.[3] New claims not specifically asserted in the complaint may not be considered by courts when

deciding a motion to dismiss. *In re Colonial Ltd. P'ship Litig.,* 854 F.Supp. 64, 79 (D.Conn.1994) ("Allegations made outside of the complaint are not properly before the court on a motion to dismiss."). Therefore, in deciding the instant motion, this Court may only look to claims included in the Complaint.

## CONCLUSION

Although Rule 12(b)(6) sets a high burden for movants, Defendants in this case have proven that Plaintiff's Complaint fails to state a claim upon which relief can be granted. Other courts in the Second Circuit, most notably the virtually parallel *Shapiro v. D & B* decision in the S.D.N.Y., have not hesitated to dismiss claims brought pursuant to the FDCPA where the debt collection letter alleged to have run afoul of the statute does not, as a matter of law, provide the basis for a statutory violation. That is the case here.

For the forgoing reasons, Defendants' Motion to Dismiss should be, and the same hereby is, GRANTED, and Plaintiff's Complaint is dismissed in full. The Clerk of the Court is advised that this Order closes the case.

SO ORDERED.

---

3. For instance, Plaintiff claims that the phrase "QUICK AND EASY TRANSFER OF FUNDS", coupled with an enclosed payment coupon and mailing envelope, overshadows the validation notice. (Pl.'s Mem. in Opp'n at 6.)